THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALPHONSE J. OSKROBA, Appellant.

Argued December 2, 1952; decided March 5, 1953.

114

*Arthur G. Silverman* and *Milton Pinkus* for appellant. I. The introduction at the hearing of charges not specified in the information to which defendant pleaded, the extensive testimony taken thereon, its decisive influence in inducing the County Judge's drastic conclusion and the refusal of any adjournment to meet such testimony operated to deprive defendant of the " opportunity to be heard " prescribed by section 935 of the Code of Criminal Procedure for revocation of probation. II. The effect of the unspecified matters and of the refusal of an adjournment to allow defendant's wife to testify was to deprive defendant of his " opportunity to be heard ". (*Matter of Citron* v. *O'Shea*, 244 App. Div. 158; *Matter of Merritt* v.

*Swope,* 267 App. Div. 519; *Luellan* v. *City of Aberdeen,* 20 Wn. [2d] 594; *Matter of Long,* 287 N. Y. 449; *People ex rel. Benacquista* v. *Blanchard,* 267 App. Div. 663; *People ex rel. Stumpf* v. *Craig,* 79 Misc. 98; *People* v. *Hill,* 164 Misc. 370; *Sellers* v. *State,* 105 Neb. 748; *Hollandsworth* v. *United States,* 34 F. 2d 423; *Howe* v. *State,* 170 Tenn. 571; *State* v. *Gooding,* 194 N. C. 271; *United States* v. *Van Riper,* 99 F. 2d 816; *Clifton Shirting Co.* v. *Bronne Shirt Co.,* 213 App. Div. 239.) III. The record compels the inference that the unspecified and extraneous matters above referred to substantially influenced, if not determined, imposition of these drastic sentences. This, in itself, requires reversal.

*Frank A. Gulotta, District Attorney (Henry P. De Vine* of counsel), for respondent. I. The evidence was sufficient to establish the violation as a matter of law. II. The testimony of Officer Ryan dealing with the character of the grill plus the testimony of Lieutenant Janiec that probationer had threatened him did not deprive probationer of an opportunity to be heard as required by section 935 of the Code of Criminal Procedure. (*Burns* v. *United States,* 287 U. S. 216; *Matter of Merritt* v. *Swope,* 267 App. Div. 519.)

Dye, J. The appellant having pleaded guilty in Nassau County Court to the crime of forgery, second degree, was, upon proof of two prior felony convictions, sentenced to a term of five to ten years in Sing Sing Prison, which sentence was suspended and appellant placed on probation for the maximum term permissible under the law. Later his parole was transferred to New Jersey (Code Crim. Pro., § 932). While there an information was filed in Nassau County Court based on a notice from the Probation Officer of Bergen County, New Jersey, charging the defendant-appellant with violation of his parole in that he " has failed to obtain regular employment and has deceived the writer [Probation Officer] as to his employment status ". Upon arraignment in Nassau County Court, he pleaded not guilty. A hearing was then had following which his probation was revoked and his State prison sentence reinstated.

According to the record, proof was adduced at the hearing which is sufficient to establish a violation of parole by reason

of failure to obtain regular employment. The circumstance giving rise to this appeal relates to what may very well be termed additional or collateral matter upon which the revocation of parole does not depend, but in respect to which the appellant claims he was denied an " opportunity to be heard ", as prescribed by section 935 of the Code of Criminal Procedure.

This contention is based on the following circumstances: During cross-examination of Probation Officer Ryan, counsel for appellant questioned him as to what rules the appellant had violated and was told rules 2 and 8. Rule 8 requires a probationer to work at suitable regular employment, violation of which was charged in the information. Rule 2, however, requires probationer to " avoid places or persons of disreputable  *   *   * character ", violation of which had not been charged, and no mention of which had been made during the direct examination. Counsel for appellant, however, persisted in delving into it with particular reference to the bar and grill owned by appellant's wife which the Probation Officer had on a prior occasion warned him not to work in. The answers elicited indicated that the establishment had a bad reputation. The door having been opened, the People then called a police officer on the issue of the reputation of the bar and grill thus raised, and he too said it was bad, and also that on one occasion he had been threatened with physical violence by the defendant. The defendant-appellant took the stand in his own behalf to state, by way of explanation and extenuation of his failure to obtain regular employment as charged, that because of the illness of his wife it was necessary for him to be near her, which circumstance brought him into the bar and grill from time to time, but that he never tended bar for her nor had he threatened a policeman. He did admit on cross-examination, however, that he had been found selling beer by an agent of the State Liquor Authority. Counsel for defendant-appellant then asked for an adjournment to permit him to call the defendant's wife to contradict the testimony that the bar and grill had a bad reputation. The wife was ill in a hospital and would not be available for some time. The County Judge refused the adjournment for such purpose, which refusal the appellant says deprived him of his opportunity to be heard.

If error there was, it is insubstantial. The granting or denial of an adjournment by a trial judge is a matter of discretion and his action will not ordinarily be reviewed unless it appears that the refusal is so unreasonable as to be arbitrary and capricious as a matter of law (Cohen & Karger, Powers of the New York Court of Appeals, § 151 *et seq.; Webster* v. *People,* 92 N. Y. 422; *Eighmy* v. *People,* 79 N. Y. 546).

It has long been accepted practice in the administration of criminal law that, after conviction, a court may suspend the sentence or execution of judgment and place the defendant on probation, a power inherent in the court at common law (*People ex rel. Forsyth* v. *Court of Sessions of Monroe Co.,* 141 N. Y. 288) and now authorized by statute (Code Crim. Pro., part VI, tit. IX). Being placed on probation, however, is a privilege to be accorded by the court in the exercise of its broad discretionary powers upon such conditions as the court shall determine which may include work at suitable employment (Code Crim. Pro., § 932). When, however, the probationer shall violate the conditions of his parole, the court may issue an order for his arrest and upon arraignment and " after an opportunity to be heard " the court may revoke, continue or modify the probation (Code Crim. Pro., § 935).

We do not seem to have passed on the meaning of the phrase " an opportunity to be heard " as used in the statute; at least no case has been called to our attention by counsel and our own research has produced none. However, it would seem elemental that the term contemplates notice to the probationer of the violation charged, with an opportunity to attack or deny the charge (*Matter of Long,* 287 N. Y. 449; *People ex rel. Benacquista* v. *Blanchard,* 267 App. Div. 663; *People ex rel. Stumpf* v. *Craig,* 79 Misc. 98; cf. *People ex rel. Valiant* v. *Patton,* 221 N. Y. 409). There is no requirement of formal procedure (*People ex rel. Kuney* v. *Adams,* 280 N. Y. 794, affg. 256 App. Div. 802) but nonetheless the defendant here was accorded every reasonable opportunity to be heard within the common understanding of due process. He had notice of the charge upon arraignment — he pleaded not guilty — witnesses were sworn — he took the stand in his own behalf, and from the record thus made the court was able to decide and did decide that the evidence

adduced established the violation as charged. The circumstance that the trial court allowed the defendant-appellant wide latitude in the cross-examination of People's witnesses, thereby bringing out matters coming within the scope of rule 2, a violation with which defendant had not been charged, is not tantamount to saying that revocation of the probation as made depended thereon, or that his refusal to allow an adjournment to throw further light on such extraneous matter was such an abuse of judicial discretion as to amount to a denial of due process. This is not a case where defendant has been charged with one violation, and failing proof thereof has nonetheless been held because there was proof of another violation not charged (cf. *Matter of Merritt* v. *Swope,* 267 App. Div. 519; *Matter of Citron* v. *O'Shea,* 244 App. Div. 158).

Probation being a matter of grace, its revocation also depends on the sound exercise of judicial discretion. (*Burns* v. *United States,* 287 U. S. 216, 220.) In view of the uncontradicted proof establishing violation by his failure to work at suitable employment, it cannot be said that the determination in any way depended on the other and additional testimony relating to matters concerning which no charges have been made, from which it follows that he was not deprived of the " opportunity to be heard " contemplated by the statute. When the record is so viewed it may not be said that the ruling as made by the court was so unreasonable as to constitute an abuse of discretion as a matter of law.

The judgment appealed from should be affirmed.

FROESSEL, J. (dissenting). I dissent upon the ground that the court, after having been apprised that defendant was ready to meet only the charges set forth in the complaint, relating to his employment, and which he denied, permitted evidence of other extraneous matters, and declined to grant defendant an adjournment to produce his wife, who was then seriously ill in the hospital, to testify with reference to such matters, with which she was familiar. The " opportunity to be heard ", prescribed by section 935 of the Code of Criminal Procedure, entitles defendant to know in advance the issues which are to be met and the opportunity appropriately to defend them. Such oppor-

tunity was not afforded here. We have no way of knowing to what extent those unspecified and extraneous matters influenced, if not determined, the trial court's final determination, and the reimposition of the original drastic sentence.

LOUGHRAN, Ch. J., LEWIS, DESMOND and FULD, JJ., concur with DYE, J.; FROESSEL, J., dissents in opinion in which CONWAY, J., concurs.

Judgment affirmed. [See 305 N. Y. 696.]