THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH DEEB, Appellant.

Third Department, July 8, 1954.

*Nathaniel L. Goldstein, Attorney-General (Paul W. Williams, Raphael F. Carlin* and *Burton S. Sherman* of counsel), for respondent.

*N. Le Van Haver* for appellant.

*Per Curiam.* Defendant pleaded guilty on January 13, 1953, at an Extraordinary Trial and Special Term of the Supreme Court in Columbia County to an indictment charging violations of the gambling provisions of Penal Law (§§ 580, 970, 973). On April 7, 1953, the court sentenced defendant to pay a fine of $500; imposed a jail sentence of one year, which was suspended, and placed defendant on probation for two years.

On April 27, 1954, defendant was resentenced pursuant to the Code of Criminal Procedure (§ 470-a) to one year in the Columbia County jail. The fine and the two years' probation were not affected. The power of the court to impose the sentence is challenged on this appeal; and there is in the argument of appellant the implication if the power is found to exist that as a matter of discretion the sentence of April 27, 1954, ought not to have been imposed.

We deal first with the question of power. The code (§ 470-a) provides that the court, having suspended the operation of a

sentence, may " impose any sentence or make any commitment which might have been imposed or made at the time of conviction ". This power may be exercised not only within the longest period for which the defendant could have been sentenced, but also within the time that he " remains on probation ". Clearly the defendant continued to be on probation on April 27, 1954, and the court accordingly had the power to impose a new sentence. The proceedings for the resentencing of defendant on application of the Attorney-General were instituted by an order to show cause, granted by the Judge in open court in Columbia County and returnable on March 23, 1954; and were heard before the court on that day. The court reserved decision. On April 6, 1954, by a memorandum decision rendered in the Judges's chambers in Kings County but filed in the office of the Clerk of Columbia County, the motion to revoke the suspended sentence was granted, and the order was thereafter settled before the Judge in Kings County and filed in the office of the Clerk of Columbia County. The resentencing was done in open court in Columbia County.

It is argued by appellant that the Judge had no right to render his memorandum of decision in Kings County on the motion to revoke the suspension of sentence and had no right to sign there the order on settlement which resulted from the memorandum of decision. But the motion was duly heard at the term itself, and the resentencing was properly made later at the term. The mere formality of making a memorandum of decision and an order deciding a motion duly heard at term could be performed by a justice of the Supreme Court in any county of the State. " Any justice of the supreme court, except as otherwise provided in this article, may perform the duties of his office  *  *  *  in any county." (N. Y. Const., art. VI, § 1.)

The facts which will lead a court to revoke a suspension of sentence and impose a sentence within the time allowed by Code of Criminal Procedure (§ 470-a) depend ultimately on the sound judgment and discretion of the judge. His determination in this respect is to be governed generally by the same considerations of justice and fairness that will guide his judgment in imposing or suspending a sentence in the first instance. There is some evidence that defendant failed to give reasonable co-operation to public authorities in the prosecution of their duties, and while this is disputed by defendant, the record before the Extraordinary Term suggests a reasonable basis for the decision to revoke the suspension and impose the new sentence.

We have concluded both that the power existed and that it was not misused by the court. The judgment as thus amended by the court on resentence should be affirmed.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur; COON, J., not voting.

Judgment affirmed.