George D. Ogden, J.
On February 16, 1948, the petitioner pleaded guilty in Monroe County Court to grand larceny in the second degree; on March 5, 1948, he was sentenced to Attica Prison for a term of five to six years, execution of the sentence was suspended, and he was placed on probation for five years. On March 25, 1948, petitioner was returned to County Court, charged with having violated the terms of his probation, which violation was admitted by petitioner. The court thereupon revoked the judgment of March 5, 1948 — the sentence imposed thereunder and the period of probation — and ordered the imprisonment of petitioner at Attica Prison for a term of 5 to 10 years. Petitioner claims that this judgment of conviction and the sentence imposed thereunder were illegal because he was not represented by counsel at the time of his arraignment on the charge of violating probation, and because the prison term originally imposed (five to six years), the execution of which was suspended, was thereafter changed to a term of 5 to 10 years.
The certified copy of the record of conviction and of the stenographer’s minutes of the proceedings in court at the time of the hearing on the violation of probation shows that at the time of such hearing petitioner was represented by his counsel and that he pleaded guilty to a violation of probation. This record is conclusive on the question of petitioner’s representation by counsel. Even if it were not, it is my opinion that it was unnecessary that petitioner be represented by counsel at the time of his arraignment on the charge of having violated his probation. Section 8 of the Code of Criminal Procedure provides that in a criminal action the defendant is entitled to be represented by counsel. Section 5 of the Code defines a criminal action as “ The proceeding, by which a party charged with a crime is accused and brought to trial and punishment ’ ’. A hearing on a charge of violating probation is not a criminal action, as its purpose is only to determine whether probation pball be revoked, and sentence imposed; it is a part of the sen- *594 tenting rather than of the determination of a defendant’s guilt of the crime charged. Section 8 of the Code of Criminal Procedure does not require that a defendant be represented by counsel at the time of sentence (People v. Hasenstab, 283 App. Div. 433, 438, 439); it was not required that petitioner be represented by counsel in this proceeding which was preliminary to, and part of, his sentencing. (Cf. People v. St. John, 281 App. Div. 1061.)
Petitioner’s probation was not a sentence but a relief from the operation of a sentence. (People ex rel. Lehman v. Hunt, 255 App. Div. 931; see, also, People v. Oskroba, 305 N. Y. 113, 118.) Upon the revocation of probation and of the original suspension of sentence the court could impose any sentence it might have originally imposed (Code Crim. Pro., §§ 935, 483, 470-a). The sentence imposed on March 25, 1948 was proper.
Petition is in all respects denied.
Submit order.