Bernard S. Meyer, J.
This proceeding seeks either an injunction or a writ of prohibition restraining the District Attorney of Nassau County from proceeding with the trial of a hearing under section 935 of the Code of Criminal Procedure by which it is sought to revoke probation until such time as petitioner has been tried on the criminal charges which form the basis of the attempt to revoke his probation. The court does not consider any question of procedural infirmities in view of its conclusion on the merits. The application is denied.
The basis of the contention that the probation violation hearing should not be held first is that such a hearing is governed by no formal procedure and need only conform with the common understanding of due process (see People v. Oskroba, 305 N. Y. *17 113, 117) and that petitioner therefore runs the risk that unless he testifies at the section 935 (Code Grim. Pro.) hearing, his probation will be revoked. This, it is claimed, violates petitioner’s constitutional right against self incrimination with respect to the criminal charges which may be later separately tried. In United States ex rel. MacLaren v. Denno (173 F. Sup. 237, affd. 272 F. 2d 191, cert, denied 363 U. S. 814) the court held at page 241: ‘ ‘ The facts that the probationer must make his defense to the probation violation prior to a possible criminal trial encompassing the same transactions as the violation does not violate the probationer’s constitution [sic] rights.” The court agrees with that conclusion. Petitioner may stand on his constitutional right against self incrimination in the probation proceeding as he could in the criminal proceeding or in any civil proceeding involving the same facts. What he really complains of then is not that he is being denied his privilege against self incrimination, but that he is being denied due process because the probation granted to him on his first conviction may be withdrawn if he exercises the privilege. There is no denial of due process in such circumstances (see Cohen v. Hurley, 366 U. S. 117).