Samuel H. Hofstadter, J.
The defendant Louis Mauro, who had been charged in a multi-count indictment with the felonious sale and possession of narcotics, on August 30, 1963 pleaded guilty in this court to attempted felonious possession of a narcotic drug, a felony. On October 8, 1963 he was sentenced to State prison for a term of 2% to 5 years; execution of this sentence was suspended and the defendant placed on probation. The minutes at the time of sentence reflect some misgivings *848 on the part of the sentencing Justice who read into the record excerpts from the probation report which tended to show that the defendant was not a drug addict but rather a large-scale dealer in narcotics. Nevertheless, he was placed on probation and thus given the opportunity to rehabilitate himself.
On December 10, 1963, the suspended sentence was revoked and the defendant sentenced to serve in prison the term for which he had been sentenced on October 8, 1963. The defendant has appealed from this judgment (arguing that probation was illegally revoked) and now seeks a certificate of reasonable doubt and to be admitted to bail pending appeal. The ground for revocation of the suspended sentence was the defendant’s refusal to co-operate with the authorities in their search for further light on the crimes to which he had pleaded guilty.
After he had refused to give any information to the District Attorney, the defendant was brought before the sentencing Justice, attended by his counsel. In clear and emphatic language he was instructed in his duties as a probationer. He was told that the terms of his probation included a direction that he co-operate to the fullest extent of his ability with the District Attorney, the Police Department and with the Federal Bureau of Narcotics and that he must make an honest, frank and full disclosure, consistent with the obligations of a sincere citizen, and that no partial or sham effort on his part would satisfy the court’s direction. The defendant did not heed this warning and persisted in his obstructive attitude. On an information filed by the Probation Department, charging the defendant with violating the terms of his probation, he was arraigned and a formal hearing was held by the sentencing Justice on December 10, 1963, at which witnesses were called by both sides. The court found that the defendant had “ deliberately scorned and flouted the explicit direction of this Court that you cooperate with the law enforcement authorities by a sincere and good faith effort to respond in an honest and helpful manner to proper questions propounded to you concerning the crime to which you pleaded guilty ” and that his efforts had been sham, and thereupon imposed the sentence which the defendant seeks to have reviewed on appeal.
Probation is a privilege, not a right; it is an act of grace and its revocation rests in the court’s sound discretion (People v. Oskroba, 305 N. Y. 113, 118; Burns v. United States, 287 U. S. 216, 220). The enjoyment of the privilege is subject to compliance by the probationer with reasonable conditions. The conditions are not confined to those enumerated in section 932 of the Code of Criminal Procedure but mav embrace any *849 reasonably suitable condition to achieve the aim of probation— rehabilitation of the defendant. Surely, a requirement that a probationer fulfill the citizen’s duty to co-operate with the authorities in their study of crimes of which he already stands convicted is such a condition and it has been so held (People v. Deeb, 284 App. Div. 373; Kaplan v. United States, 234 F. 2d 345; United States v. Qualls, 182 F. Supp. 213). Significantly, the revocation of probation, upheld in Kaplan was, just as here, for refusal of the probationer to disclose to the Grand Jury the source from which he had obtained the heroin to the sale of which he had pleaded guilty. His fear of reprisals against himself and his family at the hands of the person from whom he had purchased the drug, much like one of the excuses advanced by the defendant Mauro, did not save him. The situation in Qualls was somewhat similar.
The record abundantly supports the finding that the defendant in defiance of the court’s direction refused to give the law enforcement authorities genuine and sincere co-operation and he does not seriously contend otherwise. Instead, he asserts various procedural infirmities; the court has examined the contentions so made and finds them to be without substance. The hearing which resulted in the revocation was full and fair; the defendant was represented thereat by counsel. He thus was accorded more than the mere “ opportunity to be heard ” prescribed by section 935 of the Code of Criminal Procedure (People v. Oskroba, 305 N. Y. 113, supra; People ex rel. Massengale v. McMann, 8 A D 2d 645). In view of the confidential nature of the information sought from the defendant, the exclusion of his counsel from the interview at the District Attorney’s office was not an invasion of his rights. The defendant was not being questioned about charges pending against him; authorities dealing with coerced confessions are, therefore, wholly inapposite.
When the defendant was initially put on probation he was given the opportunity to become a decent and law-abiding member of society. When his sincerity was put to the test he forsook his duty to society and instead sought to protect his associates in the narcotics trade. He made his choice and cast his lot with them. His present plight is entirely of his own making.
The motion is denied.