George D. Ogden, J.
On July 21,1960 defendant was indicted for the crimes of burglary in the third degree, rape in the first degree, and assault in the second degree; thereafter he pled guilty to burglary in the third degree, and was sentenced September 8, 1960 to a term of one to two years in Attica Prison. Execution of the sentence was suspended and the defendant was placed on probation for a term of five years; defendant claims that he was coerced by his counsel into pleading guilty. On March 5, 1963 defendant pled guilty to having violated the terms of his probation; on such plea defendant was sentenced to Attica Prison for from 5 to 10 years, execution of the sentence was suspended and defendant was placed on probation (apparently without designating the length of such probation). On February 5, 1964 defendant again was charged with having violated the terms of his probation; pled guilty; and sentence was thereupon imposed of from 1 to 5 years in Attica Prison. Defendant alleges ‘1 That although this Court advised me that I would be entitled to a hearing and the aid of Counsel, this Court erroneously advised me that I would only be entitled to this ‘ Right ’ if I pled ‘ not guilty ’ but if I entered a plea of ‘ Cfuilty ’ I would not be entitled to Counsel.”
The motion of defendant to withdraw his plea of “ guilty” and to change his plea from1 ‘ guilty ” to “ not guilty ” is denied.
Defendant’s petition to vacate this conviction, on the ground *426 that he was coerced into pleading guilty by his counsel, is denied, as such an allegation is not sufficient either upon which to base a hearing or to vacate a conviction (People v. McCants, 12 N Y 2d 798).
As to the right of defendant to be represented by counsel on a violation of probation proceeding, it is my opinion that defendant is not entitled to be so represented if the defendant pleads guilty to (or admits) such violation. Section 5 of the Code of Criminal Procedure defines a criminal action as ‘ ‘ The proceeding, by which a party charged with a crime is accused and brought to trial and punishment research has not disclosed, nor has any authority been brought to my attention holding, that a violation of probation proceeding is a “ criminal action.” Section 8 of the same code, entitled “ Eights of defendant in a criminal action,” provides: “ In a criminal action the defendant is entitled * * * 2. To be allowed counsel as in civil actions, or he may appear and defend in person and with counsel.” Section 935 of the code reads as follows: ‘‘ Violation; revocation; modification; continuation. Whenever within the period of probation any probationer shall violate his probation, the court may issue a warrant for his arrest and may commit him with or without bail. On his being arraigned and after an opportunity to be heard the court may revoke, continue or modify his probation. If revoked, the court may impose any sentence it might have originally imposed.”
On a charge of violation of probation the defendant is entitled to an opportunity to be heard, after which if the defendant be found guilty any sentence may be imposed that might have been imposed originally (Code Crim. Pro., § 935; People v. Oskroba, 305 N. Y. 113,117,118; Matter of People v. Mauro, 41 Misc 2d 847; Matter of Nunz v. Monroe County Ct., 5 Misc 2d 592). Probation is a privilege, not a right; it is an act of grace and its revocation rests in the court’s sound discretion (Matter of People v. Mauro, supra; People v. Oskroba, supra). It thus appears that the punishment imposed on a defendant convicted of violating the terms of his probation is not the “ sentence ” specified in the statute making the original act a crime; it is rather a change in the sentence based upon the court’s discretion and upon satisfactory proof that the terms of the original probation have been violated; in my opinion, it is not the sentence for a “ crime ” nor is it a “ resentence ” entitling the defendant to be represented by counsel. If the defendant at the time of the original sentence imposed, or the suspension of sentence, was represented by counsel, he is not entitled to such representation upon the imposition of sentence for a violation of probation.
*427 The case of Berry v. New York (375 U. S. 160) and the holding of the court in People v. Berry (20 A D 2d 848), pursuant thereto, are distinguishable on .the facts presented. Sections 1941 and 1943 of the Penal Law of the State of New York, by their terms, apply to multiple felony offenders; section 1943 provides for their resentencing; section 1941 provides for increased punishment for a particular crime under certain conditions — it may be that the punishment provided in the statute making the act unlawful will be increased, and subject the violator to a different punishment (or sentence) .than that provided in such statute. If and when the defendant appears for resentencing a new sentence is imposed and the defendant is entitled to be represented by counsel (People v. Callahan, 19 A D 2d 585).
Defendant’s claim that this court was without power to sentence him to the term of imprisonment specified, because the term of probation originally imposed had expired before the date of the imposition of such sentence (for a violation of probation), is without merit (Code Grim Pro., § 483).
Defendant’s petition and motion, in all respects, are denied.