THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD SIMONS, Appellant.

No opinion. Christ, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: Defendant was convicted of robbing a supermarket on February 13, 1962. On that date he was on parole. Apparently as the result of information obtained from his accomplices, a warrant charging him with violation of parole was issued on the same day. The warrant was based on the allegation, among others, that defendant was a suspect in the robbery. On the day following the robbery, defendant left the State and went to South Carolina. Defendant surrendered himself to the parole authorities on April 25, 1963. He was confined under the parole warrant until April 29, 1963, at which time the parole authorities released him to the police. Thereafter, defendant made statements upon questioning by the police; and those statements were used against him at the trial in 1963. In my opinion, the statements were inadmissible because they were made by defendant in the absence of counsel after a criminal proceeding had been commenced. The warrant issued for the parole violation started a criminal proceeding (Code Crim. Pro., § 935; cf. *People* v. *Oskroba*, 305 N. Y. 113; *People* v. *Turner*, 27 A D 2d 141). Indeed, the criminal proceeding was in part at least premised on the alleged participation of defendant in the robbery and defendant would have been entitled to counsel in that proceeding (*People* v. *Hamilton*, 26 A D 2d 134). If the warrant had been issued after the filing of an information charging defendant with the robbery, his statements in the absence of counsel could not have been received against him (*People* v. *Rodriguez*, 11 N Y 2d 279; *People* v. *Meyer*, 11 N Y 2d 162; *People* v. *Richardson*, 25 A D 2d 221; *People* v. *Veitch*, 26 A D 2d 764; *People* v. *Turchiarelli*, 26 A D 2d 898; *People* v. *Santmyer*, 20 A D 2d 960). The two proceedings against defendant were related, based as they were on the commission of the same crime. The judicial process had been set in motion against defendant once the warrant for violation of parole had been issued. The bar of the rule has no efficacy if it turns merely on the fortuity of the institution of a new proceeding subsequent to the taking of a statement. The accusatory stage had arrived in this case when the parole warrant was issued; and defendant was entitled to the advice of counsel thereafter.