Per Curiam.

Defendant Was originally charged with criminal trespass in the third degree and harassment of the Dean of Manhattan Community College. On April 23,1971, he was. permitted to plead guilty to the violation of criminal trespass in the fourth degree to cover the information. Upon the urging of defense counsel, defendant was sentenced to a conditional discharge, the condition being that suggested by defendant’s own counsel, namely, that defendant stay away from .the school campus. Five days later defendant reappeared at the college and was arrested for criminal trespass and loitering. Defendant was tried on these new charges on June 29, 1971, before a three-man bench, and acquitted. Later that same day, the matter appeared on the calendar of the Judge who had imposed the original sentence, in connection with defendant’s alleged violation of the conditional discharge. What formalities took place at this proceeding are not known, since the parties have stipulated and agreed that the instant appeal shall he limited to the proceedings had on the original sentence, the hearing on the alleged violation of the conditional discharge, the resentence and a stipulation of additional facts. The parties have further agreed that ‘ ‘ the arraignment and adjournment minutes ” not he reproduced herein since no error is assigned with respect thereto. However, defense counsel concedes that on June 29,1971, he and defendant were orally advised that a hearing would he held the following day; that the condition previously imposed was for defendant to stay away from the campus; and that the sole issue to he heard was whether that condition had been violated.
At the outset of the hearing on the following day, the exact language of the conditional discharge sentence was read to defendant from the official court transcript. Defendant’s request for an adjournment was denied and his contention that formal written charges had to he served was rejected. The court heard testimony from a college security officer, the dean of the college *308 and the defendant. It was established that defendant had returned to the campus on April 28, 1971 without permission or authorization from the school or the court, allegedly to address a student group. Defendant conceded that he clearly understood that the condition imposed by the court was that he not return to the campus. The court determined that there had been a viola-ion of the condition previously imposed and thereupon vacated the sentence of conditional discharge and resentenced defendant to 10 days’ imprisonment.
Although defendant asserts no such claim, the dissent insists that defendant was not arraigned, as required by section 935 of the Code of Criminal Procedure. Assuming arguendo that there has been no waiver and that we must determine compliance with section 935 solely by reference to the minutes of the hearing of June 30,1971, we conclude that the minimum statutory requirements were met. There is no requirement for formal procedures when revoking probation. The arraignment called for under section 935 of the Code of Criminal Procedure merely requires the court to inform probationer of the charges against him (see Code Crim. Pro., § 309; People ex rel. Benacquista v. Blanchard, 267 App. Div. 663, decision amd. 267 App. Div. 1018; People ex rel. Ambrose v. Combs, 33 Misc 2d 360). That condition was adequately met. Defendant was, of course, given an opportunity to be heard before his original sentence was vacated. The lower court’s denial of an adjournment was within its discretionary power (see, People v. Oskroba, 305 N. Y. 113, mot. for rearg. den. 305 N. Y. 696) and was justified under the facts presented. The condition suggested by defense counsel and imposed by the court below was simple, concise and clearly understood by defendant. Moreover, defendant and his counsel had just concluded a trial on charges based upon his presence on the campus. The contention that defendant was not adequately aware of the charge he was defending against is pure sham.
Finally, we must reject the suggestion that the lower court acted out of “ annoyance ” with this defendant. The court stated its reason for acting quite succinctly, “A conditional discharge means nothing if the condition is not obeyed, that is the principle I am protecting here today.”
The judgment of conviction should be affirmed.