Markowitz, J.
(dissenting). On April 20,1971, defendant and a number of others entered Manhattan Community College without permission, remaining in the building after the dean told them to leave and were arrested. On April 23, 1971, defendant *309 pleaded guilty to criminal trespass in the fourth degree (a violation).*
Defendant was given a conditional discharge with a direction to stay away from the school. He was told that in the event he returned to the school or disobeyed the instruction, he would he rearrested and brought before the Judge for sentence.
Five days later, on April 28, 1971, defendant reappeared at the college, was again arrested and was charged .with criminal trespass and loitering. He was tried on these new charges on June 29, 1961, before a three-man bench, and acquitted of both charges.
Later that day, defendant appeared before the Judge who had granted him the conditional discharge and was told that a hearing would be held the next day to determine whether he had violated the condition imposed by the Judge. On the following day, the court advised counsel that the only issue to be heard was whether or not defendant returned to the campus.
Defendant requested an adjournment. The application was denied. Counsel protested that defendant had not been supplied with written notice of the charge against him. This too had no effect.
Defendant was not arraigned; nevertheless the hearing proceeded forthwith, the court vacated the sentence of April 23, 1971, and (in the face of defendant’s acquittal by the three-man panel) defendant was sentenced to 10 days in the New York City Classification Center.
While I can understand the annoyance of the Trial Judge at defendant’s reappearance at the college so soon after his conditional discharge, the interests of justice, as well as the governing statutes and requirements of due process, call for a new trial.
The basic governing statutory provision is section 935 of the Code of Criminal Procedure. It provides that where a defendant violates a condition of his sentence, the court may issue a warrant for his arrest and commit him, with or without bail. “ On his being arraigned and after an opportunity to be heard the court may revoke, continue or modify his sentence. If revoked, the court may impose any sentence it might have originally imposed.” (emphasis supplied).
*310 Since defendant had pleaded guilty on April 23 to criminal trespass in the fourth degree, a violation, the maximum sentence which could thus be imposed was 15 days (Penal Law, § 70.15).
While there is no requirement for formal procedures when revoking a sentence, the proceeding is quasi-criminal (People v. Turner, 27 A D 2d 141, 143; People ex rel. Menechino v. Warden, 27 N Y 2d 376). The statute contemplates at least three things: (a) arraignment, (b) notice to the defendant of the violation charged and (c) an opportunity to attack or deny the charge (People v. Oskroba, 305 N. Y. 113, 117; People ex rel. Morriale v. Branham, 291 N. Y. 312; People ex rel. Silbert v. Cohen, 36 A D 2d 331; People ex rel. Benacquista v. Blanchard, 267 App. Div. 663, decision amd. 267 App. Div. 1018; People ex rel. Ambrose v. Combs, 33 Misc 2d 360). In short, a defendant is entitled to a fair hearing and due process, including proper notice of the charges against him (People ex rel. Silbert v. Cohen, 36 A D 2d 331, 332 supra).
While the determination to be reached is discretionary1, a defendant is also entitled to appellate review ‘ ‘ to make certain that he was accorded those rights that constitute due process and that the trial court exercised a proper discretion in revoking ” the probation or conditional discharge (People v. Turner, 27 A D 2d 141, 143, supra).
In this context, the hearing under reivew seems clearly defective. Defendant was entitled to proper notice of the charge against him. If not in writing (CPL 410.70), the notice should at least have been in better form than the informal advice given his new lawyer by the Trial Judge on the day before the hearing. He was entitled to arraignment. He was not arraigned. When arraigned, he would have been entitled to a two-day adjournment as a matter of right (People v. Goldberg, N. Y. L. J., June 13, 1972, p. 2, col. 1 [App. Term, 1st Dept., April No. 117]; Code Crim. Pro., § 357). His application for an adjournment was denied.
Defendant ¡should not have 'been precipitately forced to trial. Forcing him to immediate hearing, without arraignment and without proper specification of the charge against him, was, in my judgment, prejudicial error.
I would order a new hearing, to be heard by the Judge before whom the matter may appear in the regular course (People v. Johnson, 25 A D 2d 842).
I therefore dissent, and vote to remand the matter to the court below for rehearing.
*311 Concur — Steeit and Litpiano, JJ.; Markowitz, J. P., dissents in memorandum.
Judgment of conviction affirmed.

 By chapter 307 of the Laws of 1971, effective September 1, 1971, the title of the section was changed from “ Criminal Trespass in the Fourth Degree ” to merely “ Trespass.” In his commentary on the change (McKinney’s Cons. Laws of N. Y., Book 39, Pocket Part 1971-1972, § 140.05, p. 116), Arnold Hechtman, Esq. observes that the “ apparent intent was to reinforce the non-criminal nature of the offence by deleting the adjective ‘ criminal.’ ”