*984 OPINION OF THE COURT
Joseph M. Lane, J.
The question presented in this case is whether the court has the authority to restrict the place and type of employment of a defendant as a condition of its sentence.
The defendant, Denise Johnson, was arrested on April 26, 1982 on charges of obscenity in the third degree (Penal Law, § 235.05), resisting arrest (Penal Law, § 205.30) and disorderly conduct (Penal Law, § 240.20) occurring on the same day at 89-18 Queens Boulevard, Elmhurst, County of Queens. The defendant was employed at the time as a cashier in the store located at the premises known as “The Love Boutique.” The store was engaged in the business of promoting and selling certain goods and film material to the public, one of which films previously was deemed to be obscene (as defined by Penal Law, § 235.00), by Honorable H. Kalinowski, another Judge of this court. Specifically, the material that had been found to be obscene was a film entitled “Breakfast on Coleen.” The defendant acted as cashier in connection with the sale of this film on April 26, 1982. The defendant has been employed part time at the aforesaid premises for approximately one year.
On March 9, 1983 the defendant pleaded guilty to attempted obscenity in the third degree, a class B misdemeanor (Penal Law, §§ 110.00, 235.05). An investigation and sentence report was ordered by the court from the Probation Department. At the time the plea was taken the court indicated to defendant’s counsel that it would consider a sentence of probation for this defendant on condition that she leave her place of employment and seek employment elsewhere. The court reasoned that a store that sold obscene material was not a suitable place of employment for a person who was on probation. At the time the plea was taken the defendant, through her attorney, informed the court that requiring her to cease said employment would cause hardship since she cared for an ailing mother in the same community and that jobs were hard to find.
An analysis of the statute is indicated to determine the power of the court to impose a sentence restricting the *985 defendant’s place of employment. Section 65.00 (subd 3, par [c]) of the Penal Law authorizes a sentence of one-year probation for a class B misdemeanor on a conviction or a plea of guilty. Section 65.10 of the Penal Law sets forth the pertinent terms of probation as follows:
“2. Conditions relating to conduct and rehabilitation. When imposing a sentence of probation or of conditional discharge, the court may, as a condition of the sentence, require that the defendant:
“(a) Avoid injurious or vicious habits;
“(b) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;
“(c) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment”.
Under section 65.10 (subd 2, par [b]) of the Penal Law, the probationer is required to refrain from frequenting unlawful or disreputable places or consorting with disreputable persons. A reasonable interpretation of this statute leads to the conclusion that the Legislature intended that a person on probation should not frequent places where crime or criminals may abound. The rationale behind this is to assure that a probationer will not lapse into criminal activity while under supervision. It is a truism of life that an environment that is attractive to criminality often leads to crime by those who frequent it. Certainly a store that sells obscene films meets the definition of a “disreputable place.” It would be imprudent to permit the defendant to serve out her probation while working in a surrounding where the principal activity is the display and sale of material, some of which has been found to be obscene.
Section 65.10 (subd 2, par [c]) of the Penal Law requires that the probationer “[w]ork faithfully at a suitable employment”. This statute in effect embraces the converse that the probationer leave employment found to be unsuitable. The defendant working as a cashier in “The Love Boutique” does not meet the requirement of the statute. It may be noted that this very employment led to the defendant’s arrest of April 26, 1982, and to the subsequent plea *986 of guilty to the attempted obscenity in the third degree (Penal Law, §§ 110.00, 235.05). Her continued employment at these premises could lead to possible further convictions that could result in incarceration. To preclude this possibility the court in the proper exercise of its discretion has an obligation to prohibit the defendant from continuing her employment at said premises as a reasonable condition of her probation. (City of Rochester v Newton, 169 Misc 726.)
The conditions of probation to be imposed on the defendant are not arbitrary or capricious. The courts have consistently approved restrictions of probation where the conditions imposed were not found to be unduly harsh or constitute an abuse of discretion. (People v James R. O., 36 AD2d 828.) There the court found unduly harsh a condition of probation that the defendant not enter Suffolk County without authorization in advance from the Probation Department. The case before the court is clearly distinguished from this case. The test of reasonableness of the conditions imposed determines their validity. In the instant case, it is entirely reasonable to qualify the defendant’s probation with the condition that she not continue employment in a store where obscene films are displayed and sold. Such a condition does not in any way constitute an abuse of discretion. In fact, it would be illogical to permit the defendant to continue working in “The Love Boutique” where she was originally arrested on the obscenity charge. Prudence would indicate that the defendant would benefit by ceasing to work in these surroundings. (People v Pavia, 17 Misc 2d 739.)
The Court of Appeals in People v Oskroba (305 NY 113), in an opinion written by Judge Dye, affirmed the right of a trial court in sentencing the defendant to probation to impose a condition requiring that the defendant work at suitable employment in the exercise of sound judicial discretion. The court stated (p 117): “It has long been accepted practice in the administration of criminal law that, after conviction, a court may suspend the sentence or execution of judgment and place the defendant on probation, a power inherent in the court at common law (People ex rel. Forsyth v. Court of Sessions of Monroe Co., 141 N. Y. 288) and now *987 authorized by statute (Code Grim. Pro., part VI, tit. IX [currently Penal Law, art 65]). Being placed on probation, however, is a privilege to be accorded by the court in the _ exercise of its broad discretionary powers upon such conditions as the court shall determine which may include work at suitable employment (Code Grim. Pro., part VI, tit. IX).”
Upon authority of People v Oskroba (supra), and based upon the language of the statute (Penal Law, § 65.10), this court concludes that it is acting well within its power in requiring the defendant to leave her job as cashier at “The Love Boutique” on the grounds that this work constitutes unsuitable employment. The court is entitled to require that the defendant work elsewhere at suitable employment as a condition of her probation.
The Federal court decisions have been in accord with the New York law on the subject of restrictions on conditions of probation. In Malone v United States (502 F2d 554, cert den 419 US 1124), the court affirmed terms of probation which prohibited the petitioner (probationer), who had been convicted of unlawful exportation of firearms to United Kingdom, from participating in any American Irish republican movement, from belonging to any Irish organizations, from visiting any Irish pubs, and from accepting employment that would directly or indirectly associate him with any Irish organizations. The court reasoned that the restrictions of probation were reasonable in order to prevent future criminality. The court noted (p 556): “Great discretion is allowed a court in setting conditions of probation. As stated by the Court in United States v. Smith, 414 F.2d 630, 636 (5th Cir. 1969): 18 U.S.C.A. § 3651 (1964) authorizes the trial court to place a criminal defendant on probation “for such period and upon such terms and conditions as the court deems best.” Congress obviously intended by means of the broad statutory language to invest the court with great discretion to establish conditions which would lead to the defendant’s ultimate acceptance by society’ ”.
Circuit Judge William E. Doyle expressed this position clearly as follows: “the defendant cannot be allowed to continue all of his old ways while on release from custody on probation; to allow him to do so undermines the probation system itself and makes a mockery of the law. It is also *988 clear that the court has the power to restrict the probationer’s association with groups that would palpably encourage him to repeat his criminal conduct. See United States v. Smith [supra]” (Porth v Templar, 453 F2d 330, 334).
The argument presented that it would be a hardship for the defendant to relocate from her present job is without merit. During the course of the plea negotiations the court was informed by the defendant’s counsel that his client only worked part time at the premises in question at minimum wages. However, in the probation report submitted to the court at the time of sentence, the defendant admitted, during her probation interview that she worked seven hours a day in “a porno shop” called “The Love Boutique,” earning $6.49 per hour. She stated that she sells porno movies, porno books, lingerie, body oils, and soap. Similar or superior type of employment is potentially available in the same community among reputable concerns. The court notes that this location is the commercial hub of Queens County in which are located several large department stores (R. H. Macy & Co., A & S, and Orbachs), in addition to St. John’s Hospital and many other smaller businesses. While the court cannot, of course, assure that the defendant will find suitable employment with any of the aforesaid business activities, the court does believe a diligent effort should be made by the defendant before adopting the hardship argument. Further, the court does not have to address this issue before it is found to exist.
The defendant, aged 32 at the time of sentence, contended that varicose veins in the right leg required her to work only at a sit-down job such as cashier. The court concludes that this issue is without merit and is being used by the defendant as an excuse to avoid giving up her present job at “The Love Boutique.”
The salutary purpose of probation is rehabilitation and living a law-abiding life. It would make little sense to place the defendant on probation while continuing to permit her to work in a store that stocks and sells obscene films. There can be no effective rehabilitation in this type of situation. It would make a mockery out of probation to permit the defendant to continue on this job. The role of the Probation *989 Department in endeavoring to supervise a probationer while employed in a store displaying and selling obscene films would be impossible and ludicrous. Justice would be denigrated if such a condition was permitted to prevail.
Finally, the court is satisfied that section 65.10 of the Penal Law does not violate the United States Constitution or the Constitution of the State of New York. In particular, this statute does not violate the due process and equal protection clauses of the United States Constitution. The broad discretion given the sentencing Judge does not make the statute void for vagueness. The language of the statute is designed to permit the court in the exercise of reasonable discretion to impose those conditions of probation on a defendant being sentenced that will assist the defendant to lead a law-abiding life.
The court does not seek to restrict the liberty of the defendant in any manner. Nor does the court seek to deprive the defendant of making a living. It merely intends that the defendant earn her livelihood while on probation in a surrounding free from an unwholesome atmosphere. The defendant may, at her discretion, obtain employment elsewhere. The court is not limiting the defendant’s freedom of choice as to where or under what conditions she may elect to work. It seeks only to channel the defendant’s employment away from an unsuitable environment that could result in reoccurring violations of law. (People v Bailey, 60 Misc 2d 283.)
Therefore, for all the reasons indicated, the court finds that it does possess the authority to restrict the nature and place of the defendant’s employment as a condition of probation. The court is satisfied that the proposed restriction is reasonable and does not constitute an abuse of discretion. Accordingly, the defendant is hereby sentenced to one-year probation with the condition that she cease her employment at the store known as “The Love Boutique,” effective May 27, 1983.