People v K.D. (2004 NY Slip Op 24263)

People v K.D.

2004 NY Slip Op 24263 [4 Misc 3d 776]

July 20, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Tuesday, November 9, 2004

[*1]
The People of the State of New York, Plaintiff,
v
K.D., Defendant.
Supreme Court, Kings County, July 20, 2004

APPEARANCES OF COUNSEL

Martello LaMagna Olivieri & Harrison, Garden City (Stephen Wade LaMagna of counsel), for defendant. Gregory R. Kuziw, Brooklyn, for New York City Probation Department. 

{**4 Misc 3d at 776} OPINION OF THE COURT
William E. Garnett, J.
{**4 Misc 3d at 777}May the Probation Department unilaterally require a probationer to reveal his conviction to his or her employer or compel the probationer to resign from his or her employment in administering the probation condition that she or he "[w]ork faithfully at a suitable employment"? (Penal Law § 65.10 [2] [c].)
On March 2, 2004, the defendant pleaded guilty to the class D felony of grand larceny in the third degree. In his plea allocution, the defendant, employed as an accountant, although not a certified public accountant, for the complainant's business, admitted that he had written business checks to himself and had deposited the checks in his personal account without the permission or authority of the complainant. On the day of the plea, with the consent of the District Attorney and the complainant, the defendant was promised a probation sentence with the specific presentence condition that he make full restitution.
The court ordered a full presentence report. The report confirmed that the defendant had made full restitution by the sentence date and that the complainant did not want the defendant to receive a prison sentence. Moreover, the report stated that, in addition to a college degree, the defendant had obtained a Master's degree in business administration and accounting taxation from Pace University. The report further confirmed that the defendant was self-employed as an "accountant and tax consultant" and that he also had employment as an "accountant" in Nassau County. The report concluded by recommending a probation sentence. Thus, despite its knowledge of the defendant's crime and his present employment, the Probation Department did not make any recommendation in the presentence report that the defendant be barred from employment as an "accountant" or that he should be compelled to reveal his conviction to his present employer.
The defendant was sentenced to probation for a period not to exceed five years with the usual statutory conditions including the requirement that he "[w]ork faithfully at a suitable employment." (Penal Law § 65.10 [2] [c].) The District Attorney did not request any specific condition or limitation on the defendant's future employment.
When the probationer initially reported to the Probation Department, he was told that he would have to resign from his current {**4 Misc 3d at 778}employment or the Probation Department would notify his employer and have him terminated.[FN*]

[*2]
In response to this demand, the probationer's attorney has moved this court to preclude the Probation Department from demanding his resignation from his current employment or, in the alternative, allowing the Department to reveal his conviction to his employer. In its answer, the Probation Department avers that its direction to the probationer was within its statutory mandate and departmental policy in monitoring the probationer's employment. The Department has also cross-moved the court to condone the direction given the probationer by imposing this direction as a special condition of probation.
When a defendant is sentenced to probation, the court, not the Probation Department, sets the terms and conditions of probation. (Penal Law § 65.10 [1]; CPL 410.10 [1].) Historically, this sentencing structure has never been interpreted to allow the Probation Department to set the conditions of probation. (People ex rel. Perry v Cassidy, 23 AD2d 706 [3d Dept 1965]; People ex rel. Benacquista v Blanchard, 267 App Div 1018 [3d Dept 1944].) In addition, the probation condition that the probationer "[w]ork . . . at a suitable employment" is a long-standing statutory condition of probation which may be imposed by the court. (Penal Law § 65.10 [2] [c]; see, People v Oskroba, 305 NY 113, 117 [1953].) It is clear, beyond peradventure, that the court may proscribe certain employment as a condition of probation. (People v Turner, 247 AD2d 821 [4th Dept 1998]; People v Bilello, 124 AD2d 665 [2d Dept 1986]; People v Johnson, 118 Misc 2d 983 [Crim Ct, Queens County 1983].) Moreover, the court may also require the probationer to reveal his conviction to a prospective employer as a specific condition of his probation. (People v Gould, 242 AD2d 583 [2d Dept 1997].) This statutory scheme relating to probation sentences also provides a mechanism for the modification and/or enlargement of the terms and conditions of probation by the court on notice to the probationer after the imposition of sentence. (CPL 410.20 [1].) Thus, the Probation Department has a remedy if it believes that a condition of probation should be altered or added.
What is abundantly clear from an examination of the statutes and the cases is that the court, not the Probation Department, imposes the conditions of probation. The Probation Department is {**4 Misc 3d at 779}the arm of the court in supervising probationers. The court does not delegate to the Department the unilateral power to impose additional or more severe conditions. This is particularly the case when the Department unilaterally decides to impose the draconian provision that a probationer resign or refrain from employment in a certain field or profession. Certainly, the Department has discretion in implementing the directives of the court. However, while monitoring a probationer, the Department's discretion must be exercised within the ambit of the conditions set by the court. Moreover, the policy of the Commissioner, devised to exercise the Department's discretion and argued here as justification for the Department's direction to the probationer, does not determine the Department's statutory obligation to the court. The policy does not supersede the requirements of the law. To the extent that the policy is not in conformity with the law, the policy is irrelevant. The Department may not arrogate to itself the power to modify or enlarge the conditions of probation without prior consultation with the court on notice to the defendant. (CPL 410.20 [1].)
In this case, while the Probation Department's intent, i.e., to protect potential victims, appears benign and laudable, the direction of the probation officer bespeaks arrogance. The [*3]apparent underlying presumption of the proposed direction is that the Department knows better than the court which sentenced the defendant and the District Attorney who prosecuted the case. This position is strikingly remarkable in this case in that the Probation Department did not recommend any employment restrictions in the presentence report. Further, this proposed proscription of the probationer's current livelihood seems to be a knee-jerk application of the Department's policy.
When the defendant entered his plea in this case, the court was fully cognizant of the facts of the defendant's crime. Presumably, the District Attorney who negotiated the plea and sentence was intimately familiar with the defendant and his crimes. On the day of the plea, the requirement that the defendant refrain from accounting work was never broached as a condition of the plea.
On the sentence date, the court and the District Attorney were aware of the defendant's employment in the accounting field. Ironically, it was the Probation Department which detailed the defendant's current employment with a third party. Yet, despite this revelation, the District Attorney and the Probation Department did not recommend any limitations on the defendant's{**4 Misc 3d at 780} current employment in accounting. Most critical was the court's determination that no such prohibition was necessary as a special condition of probation. When the court provided as a condition of probation that the probationer engage in "a suitable employment" it was obvious that the court was not precluding the defendant from continuing in the employment that he had on the day of sentence. The court did not delegate to the Probation Department the power to judge whether this employment in accounting was "suitable." If the court had had an objection, the court would have imposed the restriction on the sentence date. Under the circumstances of this case, the condition that the defendant engage in "suitable" employment was an admonition to the defendant not to engage in illegal employment.
The defendant made complete restitution to the complainant. This acceptance of responsibility for his wrongdoing required him to encumber his property including his family's residence. If, as a condition of his probation and the plea bargain, the defendant had been required to resign his current employment or reveal to his employer his conviction, the defendant's ability to make the complainant whole would have been undermined and his obligation to support his family would have been jeopardized. Restitution and family support are coequal conditions of probation. (Penal Law § 65.10 [2] [f], [g].) Moreover, if the defendant had been barred from employment in accounting, the defendant would have been relegated to seeking less remunerative employment which most certainly would not have contributed to his rehabilitation.
If the Probation Department had misgivings about the court's decision to countenance the defendant's continued employment in accounting, the probation officer could have requested that departmental counsel make a motion pursuant to CPL 410.20 to enlarge the conditions of the defendant's probation. Instead, the Department, without input from the sentencing court which had been fully cognizant of the defendant's employment, summarily determined that the defendant's employment was unsuitable. In the factual context of this case, that decision was a usurpation of the court's prerogative to set the terms and conditions of probation. In all of the cases cited by the Probation Department in its answer, the employment restriction had been imposed by the courtnot the Probation Department sua sponte. While it is important to protect prospective employers from probationers who might have larcenous propensities, it is equally [*4]{**4 Misc 3d at 781}important that a probationer have the opportunity to demonstrate that he or she can live a lawful existence. Unless a court is convinced that employment in a specific field is an invitation to temptation or a defendant is banned by law from work in a profession, precluding a defendant's employment in a field for which he or she has unique education and training would be erecting an impediment to a defendant's rehabilitation. Moreover, a prospective employer is hardly an innocent lamb in the world of business. An employer may screen prospective employees and, in the field of accounting, diligent auditing should reveal any improper or illegal employee practices or behavior.
Thus, based on the foregoing analysis and discussion, the probationer's motion to preclude the Probation Department from requiring him to resign his present employment or reveal his conviction to his current employer as conditions of his probation is granted. Consequently, based on the same review, the Department's motion to impose these conditions is denied.

Footnotes

Footnote *: These facts were conceded by Probation Department counsel at oral argument of this motion on May 6, 2004.