■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS A. MASSENGALE, Appellant, against DANIEL McMANN, as Acting Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. On January 10, 1945 appellant was sentenced in the Court of General Sessions as a second felony offender to a term of 7½ to 30 years imprisonment for the crime of manslaughter, second degree. Execution of the sentence was suspended and appellant was placed on probation. On November 30, 1945 he was granted permission by the Court of General Sessions to leave the jurisdiction of that court to go to the State of Texas to be with his mother. He was instructed to report by mail to the New York State authorities each month and to report in person to the local probation authorities in Houston, Texas. On January 7, 1947, after being arrested in New Orleans, Louisiana, he was brought before the Court of General Sessions and charged with violating the terms of his probation. He appeared before the same Judge who had suspended the execution of the sentence imposed in 1945, and the record indicates that on such appearance he was represented by counsel. No witnesses were sworn but the probation officer stated the substance of his department's report which indicated several illegal activities on the part of appellant after he had been permitted to go to Texas. The court then asked appellant what he had to say and appellant replied "Not a thing, sir." Thereupon the court revoked suspension of execution of the 1945 sentence and committed appellant to a term of not less than 7½ years or more than 30 years as a second felony offender. On his application for a writ of habeas corpus appellant complained that the Court of General Sessions failed to accord him a hearing as required by section 935 of the Code of Criminal Procedure.

This section provides in substance that if a probationer violates the conditions of his parole the court may revoke the probation after giving the probationer "an opportunity to be heard". It has been held that this section contemplates notice to the probationer of the violation charged with an opportunity to attack or deny the charge, but there is no requirement of formal procedure (*People* v. *Oskroba*, 305 N. Y. 113, 117). On the record before us the requirements of section 935 were satisfied. While no witnesses were sworn to prove any violations the essence of his probation record was stated to appellant and he neither attacked nor denied the violations therein shown. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.