■ KENNETH W. HORNE, Appellant, v RADIOLOGICAL HEALTH SERVICES, P. C., et al., Respondents.—Order of the Supreme Court, Suffolk County, dated July 17, 1975, affirmed insofar as appealed from, with costs, on the opinion of Mr. Justice Lazer at Special Term. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of B. P. OIL CORPORATION, Appellant, v ZONING BOARD OF APPEALS FOR THE CITY OF MOUNT VERNON, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 21, 1975 and made after a hearing, which denied petitioner's application for a permit, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated June 17, 1975, which dismissed the petition. Judgment affirmed, with costs. The denial of appellant's application for a permit to change a nonconforming use was based upon substantial evidence. Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of JOANNE BENNETT, Appellant-Respondent, v MARIE JEFFREYS, Respondent-Appellant.—In a proceeding to obtain custody of an infant, the parties cross-appeal from an order of the Family Court, Westchester County, dated July 7, 1975, which, after a hearing, (1) dismissed the petition, (2) directed that custody remain with respondent and (3) granted petitioner rights of visitation. Order reversed, on the law and the facts, without costs, and petition granted; respondent is directed to return the infant to the custody of petitioner, her natural mother. After a hearing, the Family Court held, in substance, that, in a proceeding of this nature, the welfare of the child is of paramount importance, and that, under the facts of this case, the child's welfare would best be served by continuing custody in respondent, even though affirmatively finding that petitioner had not abandoned her child and was not otherwise unfit as a mother. In so holding the Family Court committed error, as it is well-established that in a contest between a parent and a nonparent for the custody of an infant, the parent enjoys the paramount right to raise the child, and will not be deprived of that right, absent a showing of unfitness or abandonment *(Matter of Spence-Chapin Adoption Serv. v Polk,* 29 NY2d 196; *People ex rel. Kropp v Shepsky,* 305 NY 465) or some other supervening reason why the parent should be deprived of custody. There having been no such showing here, the court's discretion should have been exercised in favor of the natural mother. We note that this case does not involve any adoption procedure. Martuscello, Margett, Christ and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the order upon the opinion of Judge Coppola of the Family Court.