OPINION OF THE COURT
Con. G. Cholakis, J.
Section 352-eeee of the General Business Law concerns the conversion of buildings to co-operative or condominium ownership in the City of New York. Subdivisions of this section exempt nonpurchasing tenants who are eligible senior citizens or eligible handicapped persons from both eviction and unconscionable rental increases (General Business Law, § 352-eeee, subd 1, pars [e], [f]; subd 2, par [a]). Eligibility for such exemption is determined in accordance with subdivision 4 of the section which reads as follows: “4. Any offeror who disputes the election by a person to be an eligible senior citizen or an eligible handicapped person must apply to the attorney general within thirty days of the receipt of the election forms for a determination by the attorney general of such person’s eligibility. The attorney general shall, within thirty days thereafter and upon reasonable notice to the offeror and the person making the election and an opportunity to be heard, issue his determination of eligibility. The foregoing shall be the sole method for determining a dispute as to whether *630 a person is an eligible senior citizen or an eligible handicapped person. The determination of the attorney general shall be reviewable only through a proceeding under article seventy-eight of the civil practice law and rules, which must be commenced within thirty days after such determination becomes final.”
This CPLR article 78 proceeding is brought by the petitioner to review a determination of the respondent Attorney-General which, in final form, rejected its challenge of tenants’ eligibility as senior citizens or handicapped persons. The matter is before the court upon the motion of the Attorney-General for dismissal upon various grounds, including the argument that the proceeding must be dismissed for the reason that the Attorney-General cannot be directed by mandamus to undertake an investigation of eligibility for the reason that such action is discretionary and not compulsory. It is also argued in support of dismissal that the petitioner has waived its right to challenge the eligibility of the tenants for exemption, and it is further argued that the Statute of Limitations (CPLR 217) bars the petitioner’s demand for eligibility questionnaires in view of respondent’s earlier determinations made with respect to questionnaires, both approved and disapproved.
The noted arguments, and others, made in support of the dismissal motion have been considered by the court, but it is found that the same must be rejected and the dismissal motion, accordingly, is denied. Consistent with the holding of Oberlander v Abrams (Supreme Ct, NY County, Dec. 9, 1981, Pecora, J.) the court finds that the provisions of the statute concerning the Attorney-General’s actions in the matter are mandatory and not directory (see, also, Matter of Gonkjur Assoc, v Abrams, 82 AD2d 683). Accordingly, as the court in Oberlander found, the Attorney-General does not have discretion with regard to conducting a hearing and upon the hearing it is the tenant who has the burden of proving his eligibility for exemption. Further, the court must agree that a pro forma challenge is all that is required by the statute and, in keeping with the burden cast upon the tenant, it is unnecessary for the petitioner to support the challenge with evidence.
*631 It is specifically noted that the court cannot agree that the petitioner has waived its right to challenge by reason of an agreement purportedly made at the time the Attorney-General discontinued his investigation of the petitioner’s sales activities and of the adequacy of its disclosure in the offering plan. Without commenting upon the propriety of such an arrangement, it is found that the court cannot here hold that such agreement was reached or a waiver accomplished absent the clearest of showing. Here, there is no such showing and, in fact, the court finds it inconceivable that this petitioner ever intended to completely relinquish its rights to challenge ineligible tenants.
Finally, it is further noted that the court does not view the tenants as necessary parties. Any judgment which may ultimately be made in this proceeding will not determine the rights of the tenants whose exemptions are being questioned, but will merely direct the appropriate administrative procedure to be undertaken in determining the petitioner’s challenges.
Submit order denying the respondent’s motion and directing him to serve an answer in accordance with CPLR 7804 (subd [f]), if he be so advised.