OPINION OF THE COURT
Arnold Guy Fraiman, J.
Petitioner in this article 78 proceeding is the sponsor of a co-operative conversion plan for the premises at 64 East 86th Street in Manhattan. Respondent is the Attorney-General of the State of New York. Respondent issued a letter dated August 28, 1981 pursuant to subdivision 2 of section 353-e of the General Business Law accepting for filing an offering plan submitted by petitioner for the sale of co-operative apartments in the premises. The plan provided, pursuant to section 352-eeee (subd 1, pars [e], [f]) of the General Business Law, that “eligible senior citizens” or “eligible handicapped persons” could become nonpurchasing tenants by electing to do so on forms provided by petitioner. Eight tenants completed the forms and peti *976 tioner pursuant to subdivision 4 of section 352-eeee, notified respondent on November 19, 1981 that it was disputing the election of three of them. This was within 30 days of receipt by petitioner of the election forms, as required by subdivision 4.
On December 3,1981 respondent notified petitioner that its challenge to the eligibility of the three tenants was deficient, inter alia, in that it failed to specify the basis for the tenants’ alleged ineligibility to become nonpurchasing tenants. In response thereto, petitioner advised respondent on December 10 that it was disputing the eligibility of two of the tenants on the ground that their annual incomes exceeded the maximum amount permitted by section 352-eeee (subd 1, par [e]), and the eligibility of the third tenant on the ground that he was not handicapped within the meaning of section 352-eeee (subd 1, par [f]). It concluded by requesting an opportunity to be heard on its challenges, as provided in subdivision 4 of section 352-eeee. That subdivision, in relevant part provides that, “[a]ny offeror who disputes the election by a person to be an eligible senior citizen or an eligible handicapped person must apply to the attorney general within thirty days of the receipt of the election forms for a determination by the attorney general of such person’s eligibility. The attorney general shall, within thirty days thereafter and upon reasonable notice to the offeror and the person making the election and an opportunity to be heard, issue his determination of eligibility”. (Emphasis added.)
Section 352-eeee became effective in 1979, and at the time petitioner wrote to respondent in November, 1981 disputing the eligibility of the three tenants, there were no regulations in force which provided how the determination by respondent of elections by eligible senior citizens and handicapped persons was to be made. To remedy this oversight, respondent on December 21, 1981, prior to rendering a determination on petitioner’s challenge, amended 13 NYCRR Part 17 by adding a new section 17.8. Respondent then advised petitioner on December 30 that it had 30 days in which to submit an application conforming to the new regulations in connection with its challenge to the eligibility of the three tenants. Petitioner responded on *977 January 4, 1982 that its request for eligibility determination was not governed by the new regulations since it had been brought before their adoption. It then commenced the instant proceeding wherein, in essence, it seeks an order: declaring that 13 NYCRR 17.8 is not applicable to its eligibility challenge; vacating the regulations as violative of existing statutes; directing respondent to provide petitioner with an opportunity to be heard on its application; and prohibiting respondent from shifting the burden of proof concerning the tenants’ eligibility from the tenants to petitioner. Respondent has cross-moved to dismiss the petition on the ground that it fails to state a cause of action, and that it has a defense founded upon documentary evidence.
The new regulations provide that a tenant seeking non-purchase status by reason of his being an eligible senior citizen or handicapped person must fill out a form and return it to the sponsor. The form apparently merely provides for the tenant’s name, age, address and apartment number, and a statement that the applicant meets the statutory requirements of an eligible person. If a sponsor wishes to dispute the election, he must apply for determination to respondent within 30 days of receipt of the election form. The application must be in the form of an affidavit setting forth the specific basis for the challenge and the sponsor must submit all supporting documentation in support of its application. If the application is not timely, the regulations provide that respondent shall find in favor of the person making the election. If the application is timely made, the tenant is given an opportunity to answer, but even if he fails to do so respondent may nevertheless find in his favor. The sole reference to a hearing in the regulations is the following sentence: “[The respondent] may, in its discretion, request the appearance of any witness for the purpose of obtaining oral testimony on the issue or issues presented in the dispute.” (13 NYCRR 17.8 [b] [4].) Finally, the regulations provide that they shall be applicable to all applications to respondent for determination pursuant to subdivision 4 of section 352-eeee, not yet determined as of the regulation’s effective date (Dec. 21, 1981).
*978 Inasmuch as petitioner’s application, originally made on November 19, was properly found by respondent to be inadequate because of its failure to specify the grounds upon which it was relying, respondent’s time in which to make a determination (30 days after receipt of the application) as provided for by subdivision 4 of section 352-eeee, did not commence to run until December 10, when petitioner cured the defect in its original application. Thus, on December 21, 1981 when the new regulations became effective, petitioner’s application had not yet been determined, and respondent’s time in which to make its determination had not expired. Accordingly, petitioner’s application is subject to the new regulations, as respondent contends. However, respondent can derive scant pleasure from this initial, determination in his favor inasmuch as the court finds, for the reasons set forth herein, that the regulations as presently constituted contravene the provisions of the State Administrative Procedure Act and violate procedural due process and are therefore invalid and void.
While proceedings conducted by the Attorney-General under section 352 et seq. of the General Business Law, the so-called Martin Act, have been held to be investigative in nature, and therefore not subject to the stringent requirements of an adjudicatory proceeding (see, e.g., Matter of 160 West 87th St. Corp. v Lefkowitz, 76 Misc 2d 297; Matter of Kanterman v Attorney-General of State of N. Y., 76 Misc 2d 743), the same cannot be said of proceedings conducted pursuant to subdivision 4 of section 352-eeee. Under the latter section, respondent is required to make binding factual determinations of a judicial nature fixing the rights of the parties. As such it is an adjudicatory proceeding in which a hearing is mandated. Within the past six months, two nisi prius courts in this State have specifically held that the provisions of subdivision 4 of section 352-eeee mandate a hearing and are not discretionary. (Matter of Oberlander v Abrams, Supreme Ct, NY County, Dec. 9, 1981, Pecora, J. [“This court finds that the Attorney General is required to hold a hearing in accordance with the provision of GBL Sec. 352-eeee(4) upon any timely challenge”]; East 56th Plaza v Abrams, 112 Misc 2d 629, *979 630 [“(T)he Attorney-General does not have discretion with regard to conducting a hearing”].) This court is in accord with those determinations.
The State Administrative Procedure Act (L1975, ch 167) was enacted to provide uniform procedures for administrative rule making and hearings. (Governor’s Memorandum, NY Legis Ann, 1975, p 421.) Subdivision 3 of section 102 of that act defines an adjudicatory proceeding as one, “in which a determination of the legal rights * * * of named parties thereto is required by law to be made only on a record and after an opportunity for a hearing.” This is precisely what occurs under subdivision 4 of section 352-eeee. The act then provides in section 301 that, “1. In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time.” (Emphasis added.)
Section 17.8 of title 13 of the Official Compilation of Codes, Rules and Regulations of the State of New York, the new regulations adopted by respondent with respect to subdivision 4 of section 352-eeee, leave it to the discretion of respondent to determine whether a hearing shall be had (i.e., respondent “may, in its discretion, request the appearance of any witness for the purpose of obtaining oral testimony”). This conflicts with the provisions of the State Administrative Procedure Act {supra) which mandated a hearing in all adjudicatory proceedings. Accordingly, to such extent the regulations are invalid and void. (See Matter of Jones v Berman, 37 NY2d 42.)
Petitioner also objects to respondent’s interpretation of the new regulations to the extent that it places the burden of proof upon the sponsor to show that a tenant seeking nonpurchasing status by reason of his being an eligible senior citizen or handicapped person is not in fact eligible, rather than upon the tenant seeking such status. This objection would appear to be well founded. It is the tenant who is seeking to be placed in an excepted category. Moreover, he alone is privy to all of the facts upon which a determination in his favor would rest. The burden should therefore be upon him to submit adequate proof that he is entitled to such status. Should he fail to do so, his application should be denied. In both Matter of Oberlander v *980 Abrams (supra) and East 56th Plaza v Abrams (supra) the court came to the same conclusion. Respondent’s new regulations provide, as noted, that a determination shall be made in tenant’s favor if it is not timely challenged by the sponsor, and it may be made in his favor even if he does not answer the sponsor’s application. This format places the burden of proof upon the sponsor rather than the tenant, and respondent has so interpreted 13 NYCRR 17.8. For the reasons indicated above, this deprives petitioner of procedural due process and accordingly is also invalid and void.
For all the foregoing reasons, respondent’s cross motion to dismiss the petition is denied. Its affidavits submitted in support of the cross motion will be deemed its answer to the petition. The petition is granted to the extent indicated herein. Settle judgment in conformity with this opinion and providing for a hearing by respondent on petitioner’s application within 30 days after publication of this opinion, at which hearing the tenants seeking nonpurchasing status shall have the burden of proof.