In the Matter of VECTOR EAST REALTY CORP., Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant.

First Department, November 16, 1982

### APPEARANCES OF COUNSEL

*James M. Morrissey* of counsel (*Kim M. ben-Salahuddin* and *Joel Graber* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

*Mark Tipperman* of counsel (*Wofsey, Certilman, Haft, Lebow & Balin,* attorneys), for respondent.

### OPINION OF THE COURT

KUPFERMAN, J. P.

This matter involves the sufficiency of procedures for administrative determination of eligibility disputes under remedial legislation enacted to protect senior citizens and

handicapped tenants from eviction under condominium or co-operative ownership conversion plans in the City of New York.

Special Term (114 Misc 2d 975) in this CPLR article 78 proceeding voided certain regulations adopted by appellant, the Attorney-General, to implement the provisions of subdivision 4 of section 352-eeee of the General Business Law, and ordered the Department of Law (the Department) to conduct a formal hearing on a landlord's challenge in which the tenant would have the burden of proving eligibility as either a senior citizen as defined in section 352-eeee (subd 1, par [e]) or a handicapped person as defined in section 352-eeee (subd 1, par [f]). We reverse and grant the cross motion to dismiss.

Respondent, petitioner below, Vector East Realty Corp. (Vector), is the sponsor of an eviction type co-operative conversion plan with respect to an apartment building it owns at 64 East 86th Street in the Borough of Manhattan. Eight of Vector's tenants filed forms with the Department to exercise their statutory elective right to remain as nonpurchasing tenants. (General Business Law, § 352-eeee, subd 2.)

Vector applied to the Department, by letter dated November 19, 1981, to challenge the eligibility of three such electing tenants pursuant to subdivision 4 of section 352-eeee, but did not specify any ground for its challenge. At the time of this application, neither the statute nor any regulations prescribed the procedure for determination of eligibility disputes. Subdivision 4 of section 352-eeee then provided only that the Department afford a challenging sponsor notice and an opportunity to be heard, and that the Department issue its final determination of eligibility within 30 days of receiving the application of the sponsor. It is noteworthy, though not dispositive of this appeal, that the Legislature subsequently repealed section 352-eeee and enacted a new version effective July 20, 1982. (L 1982, ch 555.) The current enactment of section 352-eeee differs from the prior law in that the $50,000 income ceiling for senior citizen eligibility under former section 352-eeee (subd 1, par [e]) is deleted (§ 352-eeee, subd 1, par [f]), as is the requirement of subdivision 4 of former 352-eeee that a

challenging sponsor be given notice and an opportunity to be heard. (§ 352-eeee, subd 2, par [d], cl [vi].) Two of Vector's eligibility challenges involved the income limitation and the other whether the tenant was handicapped within the meaning of section 352-eeee (subd 1, par [f]).

By letter dated December 3, 1981, the Department informed Vector that it considered Vector's challenge application legally deficient for failing to specify the grounds of its challenges. The letter stated further that Vector's blanket challenge appeared to be a device or scheme to harass or intimidate tenants in the exercise of their statutory rights, and further that the Department considered the information submitted by the tenants presumptively correct. Vector resubmitted its application in a letter dated December 10, 1981, which specified the ground of each challenge and asserted the right to utilize subpoenas to adduce evidence.

In a letter dated December 30, 1981, the Department informed Vector of the existence of new regulations governing procedure under subdivision 4 of section 352-eeee and that the regulations by their terms applied to all eligibility disputes in which a final determination had not been made as of the effective date of the regulations, December 22, 1981. The letter stated that Vector had 30 days in which to resubmit its application to conform with the regulations.

The challenged regulations provide, *inter alia,* that the Department may in its discretion request the appearance of any witness to obtain oral testimony on the issues presented. (13 NYCRR 17.8 [b] [4].) No provision in the regulations entitles a sponsor challenging the eligibility of an electing tenant to a hearing. Rather, the regulations provide that the challenging sponsor file an affidavit with the Department specifying the ground for its challenge and setting forth all documentation and information in its possession that bear on its challenge. (13 NYCRR 17.8 [b] [4].) The regulations then require the Department to inform the electing tenant of the challenge and to request the tenant to answer on forms provided and submit all relevant supporting documentation, but the failure of the

tenant to answer does not preclude the Department from ruling in the tenant's favor. (13 NYCRR 17.8 [b] [4], [5].)

On January 19, 1982, Vector filed an article 78 petition seeking relief from the regulations on the grounds that Vector was deprived of its right to a hearing under the State Administrative Procedure Act (§ 102, subd 3; § 301) and procedural due process, and that the Department impermissibly placed the burden of proof regarding eligibility on the sponsor rather than the tenant.

Special Term granted the petition and declared the regulations null and void (114 Misc 2d 975, *supra*). The judgment and order directed the Department to conduct a hearing with respect to Vector's eligibility challenges in which the burden of proving eligibility would be placed on the tenant.

Special Term erred in applying the standards of the State Administrative Procedure Act for an "adjudicatory proceeding" to the procedures followed by the Department in making its administrative determination of eligibility. The State Administrative Procedure Act applies only to "adjudicatory proceedings." (§ 301.) Subdivision 3 of section 102 defines an adjudicatory proceeding as "any activity * * * in which a determination of the legal rights * * * of named parties thereto is required by law to be made only on a record and after an opportunity for a hearing." Subdivision 4 of section 352-eeee of the General Business Law, which the regulations are designed to implement, even before its revision contained no requirement of a record or a hearing. It merely required notice and an opportunity to be heard.

It was also error to hold that Vector's right to procedural due process was violated by the Department's failure to provide Vector with a hearing on its eligibility challenge. An opportunity to be heard cannot be equated with a full-blown evidentiary hearing. (See *Keeler v Joy,* 641 F2d 1044, 1054 [CA2d, TENNEY, J., concurring], cert den 454 US 893.) It is settled that the procedural safeguards required by due process are flexible and vary with the circumstances and type of proceeding, that is to say the governmental function involved. (See *Matter of Pannell v Jones,* 36 NY2d 339, 342.)

In *Mathews v Eldridge* (424 US 319, 334), the court described the three-step balancing test for procedural due process analysis. First, the private interest affected by the official action must be considered, then the risk of an erroneous deprivation of such interest under the procedures employed must be weighed in light of the probable value, if any, of additional procedural safeguards. Finally, the government's interest must be considered, in light of the type of function involved as well as the additional burden fiscally and administratively of further procedural safeguards.

Applying this analysis to the Department's procedures, it is clear that due process is satisfied. The determination being made is a narrow factual issue easily susceptible of documentary proof. The cost of providing an evidentiary hearing for each eligibility challenge would far outweigh its benefit in alleviating the risk of an erroneous determination. Finally, the Department is vested with discretion to request the presence of witnesses for oral testimony. If it abuses that discretion the challenging sponsor then may have a remedy under article 78.

It is hardly the mandate of the due process clause to require that elderly or disabled citizens present themselves at adversarial proceedings to be cross-examined on the narrow factual issues of age or disability in order to avail themselves of the protections of remedial legislation. Without at all indicating that it applies in this case, the Department's fear of harassment or intimidation may be well founded.

Although the Department's handling of Vector's specific application is not to be commended, on the whole, the procedures do not violate due process of law. It is permissible for the Department to presume information on tenant election forms to be correct until it is controverted.

The judgment and order (one paper), Supreme Court, New York County (FRAIMAN, J.), entered on May 20, 1982, should be reversed, on the law, without costs, and the cross motion to dismiss the petition granted.

SANDLER, SULLIVAN and CARRO, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on May 20, 1982, unanimously reversed, on the law, without costs and without disbursements, and the cross motion to dismiss the petition granted.