■ In the Matter of EAST 56TH PLAZA, INC., Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Cholakis, J.), entered March 15, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's cross motion to dismiss the petition and ordered him to serve an answer. On July 13, 1980, respondent accepted for filing petitioner's offering plan to convert a large apartment building to co-operative ownership, pursuant to section 352-e of the General Business Law. The plan provided that tenants who were eligible senior citizens or handicapped persons, as defined in section 352-eeee (subd 1, pars [e], [f]) of the General Business Law, could remain in possession as nonpurchasing rental tenants by filing election forms included in the offering plan. One hundred forty-three of petitioner's 628 tenants filed such election forms. Although there are specific statutory requirements for such eligibility (age, primary residence, and annual income for senior citizens; primary residence and medically demonstrable permanent impairment for handicapped persons),[1] the election form merely provided a space for the tenant to affirm compliance with the statutory elements of eligibility, without requiring any specific information or proof. When petitioner next attempted to distribute a detailed questionnaire, requesting, in part, a copy of an electing senior citizen's 1979 Federal income tax return, some tenants complained to respondent of harassment, and respondent compelled petitioner to withdraw the questionnaire. However, no alternative procedure had been established by respondent for obtaining information to verify eligibility of tenants claiming the statutory exemption. Accordingly, on October 17, 1980, petitioner submitted to respondent a blanket challenge of all 143 elections, requesting determinations of these individuals' eligibility within 30 days, pursuant to subdivision 4 of section 352-eeee of the General

---

1. Section 352-eeee of the General Business Law was repealed and replaced with a new section deleting, *inter alia,* the income and primary residence requirements, effective July 21, 1982 (L 1982, ch 555, § 2). However, the former statute governed at all times relevant to this proceeding (L 1982, ch 555, § 10).

Business Law. Respondent meanwhile had been investigating other aspects of petitioner's offering plan. As a result of a meeting on October 27, 1980 between Assistant Attorney-General Robbin and petitioner's counsel Clurman, respondent favorably concluded its investigation and permitted petitioner to go ahead with its conversion plan, and petitioner abstained from pressing its blanket challenge. Some months later, however, petitioner again raised the question of the eligibility of tenants requesting exemption as senior citizens or handicapped persons. In response, on September 24, 1981 respondent agreed to take appropriate enforcement action if within 30 days petitioner submitted information supporting its charges of fraudulent tenant claims of eligibility. Petitioner did not submit any such information within this deadline, and therefore, on November 9, 1981 respondent rejected all of petitioner's challenges. On December 8, 1981 petitioner commenced the instant article 78 proceeding seeking, *inter alia,* a judgment vacating respondent's November, 1981 determination and directing a hearing on petitioner's challenges. Respondent's cross motion to dismiss the petition was denied, and respondent has appealed. Respondent's first contention is that at the October 27, 1980 meeting between Assistant Attorney-General Robbin and petitioner's counsel Clurman, petitioner waived its right to challenge any senior citizen or handicapped person exemption by affected tenants. The only evidence concerning the alleged waiver is contained in the affidavits of Robbin and Clurman given over a year later. Clurman's affidavit states that petitioner would "commit itself not to take any action against the Attorney-General's office for the failure by the Department of Law to act upon the challenges presented", and Robbin's affidavit states that petitioner "agreed that it would take no action against the Attorney General to compel a determination of the senior citizens and handicapped challenges". Both affidavits acknowledge that petitioner reserved the right to proceed against individual tenants for fraudulent claims of eligibility. Waiver involves the intentional relinquishment of a known right. This intent must be clearly established and cannot be inferred from doubtful or equivocal acts or language, and the burden of proof is on the person claiming the waiver of the right (*Horne v Radiological Health Servs.,* 83 Misc 2d 446, 455, affd 51 AD2d 544; *Cicero Ind. Dev. Corp. v Roberts,* 63 Misc 2d 565). The language of the two affidavits is at least equally subject to the inference that all that was intended to be waived was petitioner's right to receive a determination from respondent within 30 days, as required under subdivision 4 of section 352-eeee of the General Business Law, rather than a permanent and total relinquishment of all rights to challenge ineligible tenants. The waiver only of the right to a prompt determination was itself a significant concession, since otherwise respondent would have had to determine 143 individual challenges within 30 days of petitioner's October 17, 1980 challenge, and as of October 27, respondent had not only made no such determinations but had not even promulgated any regulations providing how to make determinations under subdivision 4 of section 352-eeee.[2] It is also significant that no contemporaneous writing setting forth any waiver has been produced; the only letter from respondent following the October 27, 1980 meeting at which the purported waiver occurred states that the investigation of the co-operative conversion plan has been concluded, but makes no mention of any waiver. It is further noteworthy that respondent did not initially raise the waiver issue in responding to petitioner's renewal of its challenges, but merely demanded documentation. Therefore, on the record before us, we do not find that respondent has clearly established a total waiver of petitioner's right under subdivision 4 of section 352-eeee of the General Business Law to challenge ineligible tenants (*Horne v*

---

**2.** Regulations regarding subdivision 4 of section 352-eeee were not in fact promulgated until December 21, 1981 (13 NYCRR 17.8).

*Radiological Health Servs.,* 83 Misc 2d 446, 455, affd 51 AD2d 544, *supra*). We also find no merit to respondent's contention that a hearing is not required in an eligibility determination under subdivision 4 of section 352-eeee of the General Business Law. That subdivision provides that when an offeror of a conversion to co-operative status disputes a tenant's election to be an eligible senior citizen or handicapped person, "the Attorney General *shall,* within 30 days thereafter and upon reasonable notice to the offeror and the person making the election and an *opportunity to be heard,* issue his determination of eligibility" (emphasis added).[3] New York courts have construed "opportunity to be heard" to require either the right to cross-examine, offer evidence and produce witnesses on one's behalf at a hearing (*People ex rel. Klesitz v Mills,* 179 Misc 58; *People ex rel. Anderson v Superintendent of Creedmoor State Hosp.,* 40 NYS2d 84, 91) or the more informal procedure of "an opportunity to attack or deny the charge" (*People v Oskroba,* 305 NY 113, 117; *People ex rel. Massengale v McMann,* 8 AD2d 645, 646, mot for lv to app den 6 NY2d 707). An "opportunity to be heard" must be granted "in a meaningful manner" (*Armstrong v Manzo,* 380 US 545, 552; *Keeler v Joy,* 641 F2d 1044, 1046, cert den 454 US 893). Clearly, there are circumstances under which an administrative agency need not provide a full evidentiary hearing, and more informal procedures, such as a conference or submission of verifiable documentary evidence, would be adequate (see 2 Davis, Administrative Law [2d ed], ch 13; cf. *Mathews v Eldridge,* 424 US 319, 333; *Keeler v Joy,* 641 F2d 1044, *supra*). Under subdivision 4 of section 352-eeee, respondent determines significant rights on both sides. Elderly or disabled tenants have at stake the right not to be forced to vacate or purchase their apartment, and a sponsor of a co-operative conversion plan has at stake its right to unhindered sale of its property. However, petitioner was neither allowed to investigate its tenants' claims of eligibility nor accorded any sort of conference or hearing or opportunity to examine and respond to documentary evidence provided by those tenants. Petitioner was plainly put in the unfair position of having no meaningful way by which to protect its very real and material interests. In the posture that the instant case came before us, it is unnecessary and would be inappropriate for us to consider the issue presented to the First Department in *Matter of Vector East Realty Corp. v Abrams* (89 AD2d 453), namely whether due process or the State Administrative Procedure Act (§ 102, subd 3; § 301) requires a "full-blown evidentiary hearing" or an "adjudicatory proceeding" to resolve the competing claims of the interested parties.[4] Indeed, the record is inadequate for weighing the factors relevant on that issue. It is sufficient here to decide that the "opportunity to be heard" provided in the statute before us requires at the least the right to confirm the existence of evidence which would support a determination of eligibility, the right to examine that evidence, and a meaningful opportunity to refute it. We reach no other issue at this time. For the foregoing reasons, the order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.

3. The new section 352-eeee, effective July 31, 1982, has also deleted the requirement of reasonable notice and an opportunity to be heard. The former section, however, applies to the instant case (L 1982, ch 555, § 10).

4. Involved in *Vector* were the subsequent amendments and regulations broadening tenants' eligibility and restricting the owners' right to contest that eligibility, referred to in footnotes 1 through 3 (*supra*) of this decision.