OPINION OF THE COURT
Harold Tompkins, J.
In this CPLR article 78 proceeding petitioner challenges respondent Attorney-General’s determination which found that petitioner was not an eligible senior citizen within the meaning of former section 352-eeee (subd 1, par [e]) of the General Business Law. The Attorney-General found that petitioner’s election to be treated as an eligible senior citizen was untimely and that petitioner did not establish an excuse for the untimeliness. The Attorney-General cross-moves to dismiss the petition.
Petitioner has been a rent-controlled tenant of apartment 1C at 310 West 106th Street, Manhattan, since 1956. On or about July 25,1979, an eviction plan for the conversion of the premises was accepted for filing by the respondent Attorney-General. Respondent LJM Venture No. 1 *408 was sponsor of the plan and 310 Apartment Corp., the owner of the cooperative corporation. Thereafter, on July 26, 1979, the plan was presented to the tenants of the building. Eventually, 63 of the 72 tenants purchased their apartments.
At the center of this dispute is whether petitioner received a copy of the offering plan on July 26, 1979. Petitioner contends that he did not and that he first learned of the existence of the plan and the enclosed senior citizen election form in April, 1980 when visiting a fellow tenant’s apartment. Petitioner claims that the following day he went to the sponsor’s office to inquire about the plan and was told that he need not worry, that he was not affected.
The Attorney-General accepted the contention of the sponsor that the superintendent of the building served petitioner with the plan on July 26, 1979. The Attorney-General’s determination was based upon the affidavit of service of the superintendent, one Virgil Stefani, a document bearing the signature of petitioner allegedly acknowledging receipt of the plan and the testimony of Mr. Stefani taken at the Attorney-General’s office.
Pursuant to former section 352-eeee of the General Business Law (L 1979, ch 432, § 2) the petitioner had 90 days from the service of the plan to elect to exercise his right as an eligible senior citizen not to purchase and to remain in possession as a rent-controlled tenant. Petitioner did not file his election until May 24, 1982, almost three years after the alleged service. He claims he only filed then because on or about, May 23, 1982, he learned of the sponsor’s attempts to sell his apartment. On June 8, 1982, the sponsor challenged petitioner’s election as untimely. Thereafter the Attorney-General conducted an eligibility determination pursuant to section 352-eeee of the General Business Law.
On June 22, 1983, after petitioner received notification of sponsor’s challenge to the election, he forwarded an affidavit alleging nonreceipt of the offering plan and election form. Petitioner also made a statement at the Attorney-General’s office wherein it was alleged that after learning of the existence of the plan in the spring of 1980 petitioner approached Arthur Margolin, a principal of the *409 sponsor, and was told he did not need a copy of the plan, that he need not worry about it. Petitioner also contended that the signature sheet bearing the word “Antonovici” was a forgery and that he never signed for the offering plan. The sponsor thereafter submitted to the Attorney-General an affidavit of Virgil Stefani in which he stated that he served Mr. Antonovici with the offering plan on July 26, 1979. Appended to the affidavit was the three-page signature sheet which contained the apartment number and the signatures of various tenants. Appearing alongside apartment 1C was the word “Antonovici”. Mr. Margolin also submitted an affidavit in which he denied ever having discussed the offering plan with Mr. Antonovici.
On March 16, 1983, approximately 10 months after the eligibility determination was undertaken the Attorney-General required Mr. Stefani to appear and testify under oath concerning service of the offering plan upon petitioner. The transcript of the testimony is replete with contradictions resulting from Mr. Stefani’s inability to speak understandable English.
By letter dated April 11, 1983, petitioner was informed that the Stefani testimony had been taken. Petitioner strenuously objected to the taking of testimony in his absence and demanded that the testimony not be considered by the Attorney-General in making the eligibility determination. On May 3, 1983, the Attorney-General determined that petitioner was not an eligible senior citizen because of the untimely filing of the election form.
After requesting reconsideration and reconsideration having been denied, petitioner commenced this proceeding to annul the Attorney-General’s determination.
Petitioner’s attack upon the determination is based primarily upon the failure of the Attorney-General to notify petitioner of the Stefani testimony and provide an opportunity to cross-examine Mr. Stefani. Petitioner contends that the General Business Law requires that a hearing be held with all interested parties and their counsel present. Petitioner also argues that the Attorney-General’s rigid application of the time period within which a senior citizen *410 election must be filed is contrary to the legislative intent behind the enactment of section 352-eeee.
The Attorney-General asserts that petitioner was given ample opportunity to submit evidence regarding his excuse for failure to file a timely senior citizens election form. Respondents contend that the petitioner was served with the offering plan on July 26, 1979, by Mr. Stefani, and accordingly no excuse for the failure to timely file was demonstrated by petitioner.
Pursuant to subdivision 4 of section 352-eeee of the General Business Law (L 1980, ch 754, § 2) the Attorney-General was required to render his determination of eligibility “upon reasonable notice to the offeror and the person making the election and an opportunity to be heard”.[1] The conduct of the eligibility determination is governed by the Attorney-General’s regulations promulgated in 1981 (13 NYCRR 17.8, 18.8).
13 NYCRR 17.8 (b) (5) provides that the Attorney-General must notify the tenant “that the sponsor disputes the person’s election to be an eligible senior citizen” and that the Attorney-General shall request the tenant “to submit an answer to the application * * * and support the answer with information or documentation bearing on the specific grounds raised by [the] sponsor to dispute the election.”
13 NYCRR 17.8 (b) (6) provides that the Attorney-General “may, in its discretion, require the appearance of any witness for the purpose of obtaining oral testimony on the specific grounds for disputing the election.”
Petitioner’s challenge to the Attorney-General’s determination denying the senior citizen election presents two issues. First, whether the Attorney-General must hold a hearing when making the eligibility determination, and, secondly, whether the Attorney-General was required to notify petitioner of the taking of the Stefani testimony to enable petitioner to be present with counsel and cross-examine Mr. Stefani.
*411 In Matter of Vector East Realty Corp. v Abrams (89 AD2d 453) the First Department held that 13 NYCRR 17.8 which was adopted to implement section 352-eeee of the General Business Law did not deprive the sponsor of its right to a hearing in violation of the State Administrative Procedure Act and procedural due process. In that case the court held that the State Administrative Procedure Act was not applicable to eligibility determinations because it applies only to “adjudicatory proceedings” which are defined as “any activity * * * in which a determination of the legal rights * * * of named parties thereto is required by law to be made only on a record and after an opportunity [to be heard].” (State Administrative Procedure Act, § 102, subd 3.) The court noted that subdivision 4 of section 352-eeee contained no requirement of a hearing or a record but merely provided for an opportunity to be heard. Thus, the court found that a hearing was not “required by law” and therefore the eligibility determination could not be considered an adjudicatory proceeding. The State Administrative Procedure Act was therefore inapplicable. (Matter of Vector East Realty Corp. v Abrams, supra, p 456.) Procedural due process rights were also not violated the court held since the eligibility determination “is a narrow factual issue easily susceptible to documentary proof.” The court stated that the “opportunity to be heard” afforded by the then existing subdivision 4 of section 352-eeee of the General Business Law cannot be equated with a full-blown evidentiary hearing (Keeler v Joy, 641 F2d 1044). The Vector court relying upon Mathews v Eldridge (424 US 319) balanced the private interest affected, the risk of erroneous deprivations of such interest under current procedures and the probable value if any of additional procedural safeguards. After applying this balancing test the court concluded that given the narrow factual issue involved, the Attorney-General’s regulations (13 NYCRR 17.8,18.8) satisfied due process standards.
Subsequent to Vector, the Third Department was also faced with the question of whether a hearing is required in senior citizen eligibility determinations under subdivision 4 of section 352-eeee of the General Business Law. In Matter of East 56th Plaza v Abrams (91 AD2d 1129, 1131)[2] *412 the sponsor commenced an article 78 proceeding seeking to vacate the Attorney-General’s determination denying the sponsor’s challenge to senior citizen elections under subdivision 4 of section 352-eeee. The petitioner sponsor also sought a remand to the Attorney-General for a hearing on the challenge to the elections. Special Term denied the Attorney-General’s cross motion to dismiss the petition and the Attorney-General appealed.
The court held that the “opportunity to be heard” in the statute (General Business Law, § 352-eeee) “requires at least the right to confirm the existence of evidence which would support a determination of eligibility, the right to examine that evidence, and a meaningful opportunity to refute it.” (Matter of East 56th Plaza v Abrams, supra, p 1131.) The court stated that it found “no merit to [the Attorney-General’s] contention that a hearing is not required in an eligibility determination under subdivision 4 of section 352-eeee of the General Business Law” {supra, p 1131).
Significantly, the court stated (p 1131): “New York courts have construed ‘opportunity to be heard’ to require either the right to cross-examine, offer evidence and produce witnesses on one’s behalf at a hearing (People ex rel. Klesitz v Mills, 179 Misc 58; People ex rel. Anderson v Superintendent of Creedmoor State Hosp., 40 NYS2d 84, 91) or the more informal procedure of ‘an opportunity to attack or deny the charge’ (People v Oskroba, 305 NY 113, 117; People ex rel. Massengale v McMann, 8 AD2d 645, 646, mot for lv to app den 6 NY2d 707). An ‘opportunity to be heard’ must be granted ‘in a meaningful manner’ (Armstrong v Manzo, 380 US 545, 552; Keeler v Joy, 641 F2d 1044, 1046, cert den 454 US 893). Clearly, there are circumstances under which an administrative agency need not provide a full evidentiary hearing, and more informal procedures, such as conference or submission of verifiable documentary evidence, would be adequate (see 2 Davis, Administrative Law [2d ed], ch 13; cf. Mathews v Eldridge, 424 US 319, 333; Keeler v Joy, 641 F2d 1044, supra).”
The court in Matter of East 56th Plaza v Abrams (supra) expressly declined to address the issue of the applicability *413 of the State Administrative Procedure Act decided in Vector (89 AD2d 453, supra).
Thus, the Third Department, while recognizing that there are situations where a full-blown evidentiary hearing need not be held under the “opportunity to be heard” standard, stopped short of holding that eligibility determinations under section 352-eeee of the General Business Law present such a situation. The court merely held that the Attorney-General must at least provide “the right to confirm the existence of evidence * * * the right to examine that evidence, and a meaningful opportunity to refute it.” (91 AD2d, at p 1131.)
Applying these authorities to the facts of this case, the court holds that petitioner was not entitled to a full-blown evidentiary hearing as of right. (Matter of Vector East Realty Corp. v Abrams, supra; Matter of East 56th Plaza v Abrams, 91 AD2d 1129, supra; Keeler v Joy, 641 F2d 1044, supra.)
Concerning the issue of whether the Attorney-General was required to give notice to petitioner of the taking of Stefani’s testimony and provide an opportunity to be present to cross-examine Mr. Stefani, the court holds that the Attorney-General had such obligation and the failure to perform it constituted an abuse of discretion.
13 NYCRR 17.8 (b) (6) vests the Attorney-General with the discretion to require the appearance of any witness for the purpose of obtaining oral testimony. Although not specifically contained in the regulation implicit in this discretionary authority is the requirement that parties to the determination be informed of this fact and be permitted to be present to cross-examine the witness and be given an opportunity to rebut the testimony. Indeed, one can interpret 13 NYCRR 17.8 (b) (6) as requiring the Attorney-General to hold a full blown evidentiary hearing when the discretionary authority is invoked. Such an interpretation would at a minimum require notice to parties to the eligibility determination that testimony was going to be taken.
Once the Attorney-General invoked the discretionary authority under 13 NYCRR 17.8 (b) (6) it was incumbent upon him to reasonably exercise that discretion. (Matter of *414 Vector East Realty Corp. v Abrams, supra.) The failure to notify petitioner of the taking of the Stefani testimony and the failure to permit petitioner to be present and cross-examine Mr. Stefani was an abuse of discretion. It is clear that the Attorney-General’s determination was based in part on the Stefani testimony.
The transcript of the Stefani testimony demonstrates the prejudice to petitioner in not being present. Many of the answers are vague, ambiguous, subject to varying interpretations. Petitioner through cross-examination might very well have demonstrated inconsistencies in the Stefani account of service of the offering plan. Petitioner might also have urged that an interpreter be utilized so that Stefani’s answers could be more easily understood. In sum, petitioner’s rights were adversely affected by not being present for the testimony.
Accordingly, the petition is granted to the extent of vacating the Attorney-General’s eligibility determination dated May 3, 1983. The Attorney-General shall render an eligibility determination pursuant to section 352-eeee of the General Business Law and 13 NYCRR 17.8, 18.8. The cross motion to dismiss the petition is denied.

. In the current version of the statute (General Business Law, § 352-eeee, subd 2, par [d], cl [vi] [L 1982, ch 555, § 2]) the requirements of notice and or opportunity to be heard have been eliminated. The former section, however, applies to this case (L1982, ch 555, § 10).

. This case was not cited or discussed by either party to this proceeding despite it *412 having been rendered seven months prior to the submission of this motion.