Chief Judge Cooke
(dissenting). No view of the record in
this case or of the law governing waiver of the right to be tried by information supports the majority’s conclusion that defendant waived this explicit statutory right, imbued with jurisdictional implications. Therefore, respectfully, I must dissent.
“The Criminal Court clearly has no jurisdiction to take to trial a defendant who is charged only by a complaint and who has not waived the filing of a sufficient information” (People v Colon, 110 Misc 2d 917, 920, revd 112 Misc 2d 790, revd on opn at Criminal Ct 59 NY2d 921). Moreover, it is well settled that a waiver of the right to proceed by information is valid only when knowingly and intelligently made, which requires that it be preceded by “an effective admonition of the right to be prosecuted by information” (People v Weinberg, 34 NY2d 429,431; see People v Redding, 109 Misc 2d 487, 489, n 1; People v Conoscenti, 83 Misc 2d 842, 843).
The majority does not directly dispute these propositions. Instead, it reasons that when a defendant agrees to “waive the public reading of defendant’s rights and charges” he or she has somehow “knowingly and intelligently” abandoned the right to be prosecuted by information. This utter dilution of the standard of waiver is without precedent, as the absence of citation in the majority’s opinion indicates. The well-recognized concept of waiver as “the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it” is thus jeopardized (see City of New York v State of *17 New York, 40 NY2d 659, 669, citing Werking v Amity Estates, 2 NY2d 43, 52, citing Whitney, Contracts [4th ed, 1946], p 273; see, also, Johnson v Zerbst, 304 US 458, 464; Matter of Holtzman v Beatty, 97 AD2d 79, 83). Waiver embraces the element that the intention must be clearly established and cannot be inferred from doubtful or equivocal acts or language (see Cicero Ind. Dev. Corp. v Roberts, 63 Misc 2d 565, 571 [Simons, J.]; see, also, Matter of East 56th Plaza v Abrams, 91 AD2d 1129).
A determination whether a defendant has knowingly and intelligently waived a right will turn on the facts and circumstances of each case (cf. People v Epps, 37 NY2d 343, 350). At a minimum, however, such a determination may only be based on a finding that the defendant was aware “of the relevant circumstances and probable consequences” of the waiver (Matter of Lawrence S., 29 NY2d 206,208; see People v Gina M. M., 40 NY2d 595, 597; People v Hobson, 39 NY2d 479, 484; People v White, 32 NY2d 393, 399). There is no evidence in the record that would support an inference that defendant knew of his right to proceed by information or knew of the consequences of the waiver. That defendant may have waived an undefined “public reading” of his “rights and charges” sheds no light on whether defendant had knowledge of this particular right and intelligently waived it. Nor has the mere presence of counsel ever been deemed dispositive of the question whether waiver of a substantial right (here jurisdictional) was voluntary (see People v Sawyer, 57 NY2d 12; People v Epps, 37 NY2d 343, supra; People v White, 32 NY2d 393, supra; People v Nixon, 21 NY2d 338). Finally, unlike cases where waiver of a right may be inferred from counsel’s conduct in proceeding to trial (see, e.g., People v Rodriguez, 50 NY2d 553; People ex rel. LeMon v Mancusi, 31 NY2d 679; People v White, 2 NY2d 220), in the instant case the court was powerless to proceed with the prosecution or to render a judgment of conviction without there first being a waiver of the right to prosecution by information.
It was just 10 years ago that this court held, in a case where defendant was represented by counsel and proceeded to trial without being advised of his right to prosecution by information, that knowledge or waiver of the *18 right to be prosecuted by information cannot be presumed and, therefore, waiver must be preceded by an “effective admonition” (People v Weinberg, 34 NY2d 429, 431, supra). Nothing has changed to justify abandoning that rule. Nor is advising defendant of this right a trifling procedural nicety. When the State has not converted a misdemeanor complaint into an information, the prosecution of the defendant may go no further in absence of an effective waiver. “[A] right too easily waived is no right at all” (People v Hobson, 39 NY2d 479, 484, supra).
Because there is no basis for concluding that defendant in this case waived his right to proceed by information, the order of the Appellate Term should be reversed and the complaint dismissed.
Judges Jasen, Meyer and Kaye concur with Judge Jones; Chief Judge Cooke dissents and votes to reverse in a separate opinion in which Judges Wachtler and Simons concur.
Order affirmed.