■ LINDA CHRISLEY, Doing Business as LYNDE ENTERPRISES, Respondent, v LUCIAN A. MORIN, as County Executive of Monroe County, et al., Appellants.—Judgment unanimously affirmed, without costs, in accordance with the following memorandum: Petitioner, in this CPLR article 78 proceeding, sought judicial annulment of respondent's decertification of her Women's Business Enterpise status, which granted fa-

vored consideration in the awarding of county contracts for her trucking business. In *Matter of G & D Constr. v Egan* (124 AD2d 1049), this court held that certification as a minority business enterprise constituted a property right that could only be taken away by governmental action in accordance with constitutional guarantees of "due process". Basic among said constitutional guarantees of due process is the right to notice and a reasonable opportunity to be heard *(Mathews v Eldridge,* 424 US 319, 332-333; *Bell v Burson,* 402 US 535, 542).

Neither of these basic rights was accorded petitioner in this case. No notice was given petitioner that her certification was in jeopardy prior to her decertification. Only after respondent decertified petitioner was she given an opportunity to submit any evidence on her own behalf. Special Term was correct, therefore, in finding that petitioner's constitutional rights were violated in this instance. We do not agree, however, with Special Term's holding that petitioner is entitled to a full evidentiary hearing before an independent Referee *(see, Matter of Vector E. Realty Corp. v Abrams,* 89 AD2d 453). To avoid cases such as this in the future, we encourage respondent to promulgate rules and regulations respecting decertification procedures so as to ensure uniform and constitutionally acceptable treatment to those concerned.

We have reviewed the other issues raised by respondent and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Rosenbloom, J.—art 78.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.