*953 OPINION OF THE COURT
Gloria Cohen Aronin, J.
In 1973, the New York State Legislature enacted the Comprehensive Motor Vehicle Insurance Reparations Act, the No-Fault Law, which is now codified as article 51 of the Insurance Law. The No-Fault Law provides a plan for compensating victims of automobile accidents for their economic losses without regard to fault or negligence. One of the purposes in enacting the No-Fault Law was to provide rapid payment for economic injury (see, Oberly v Bangs Ambulance, 96 NY2d 295, 296 [2001]).
Section 5106 (b) of the Insurance Law states that claimants injured in automobile accidents have the option of submitting any dispute involving the insurer’s liability to pay first-party benefits, or additional first-party benefits, the amount thereof, or any other matter concerning first-party benefits to arbitration pursuant to simplified procedures to be promulgated and approved by the Superintendent. Insurance Law § 5106 (c) provides for the appeals process from arbitral decisions.
Relevant Arbitration Regulations:
Pursuant to Insurance Law § 5106, the Commissioner has promulgated regulations governing optional arbitration procedures.
11 NYCRR 65-4.5 (o) (1) provides:
“The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and strict conformity to legal rules of evidence shall not be necessary. The arbitrator may question any witness or party and independently raise any issue that the arbitrator deems relevant to making an award that is consistent with the Insurance Law and department regulations.”
11 NYCRR 65-4.2 (b) (3) provides:
“(i) The applicant shall submit all documents supporting the applicant’s position along with their request for arbitration. All such documents shall also be simultaneously submitted to the respondent. Following this original submission of documents, no additional documents may be submitted by the applicant other than bills or claims for ongoing benefits . . .
“(iv) Any additional written submissions may be made only at the request or with the approval of the arbitrator.”
*954 The Complaint:
Plaintiffs are New York corporations that are applicants in arbitration disputes subject to the no-fault arbitration regulations. They commenced this action for a judgment declaring that 11 NYCRR 65-4.5 (o) (1) violates the Due Process Clauses of the United States and New York Constitutions and restraining arbitrators from invoking it at arbitration hearings. Plaintiffs claim that 11 NYCRR 65-4.5 (o) (1) and 65-4.2 (b) (3), taken together, prevent a claimant from submitting additional proof in response to new issues raised by arbitrators, and thus, violate the requirements of procedural due process. Plaintiffs further allege that the provisions of 11 NYCRR 65-4.2 (b) (3) (iv), which give the arbitrator discretion to accept additional written submissions, does not cure the due process violation because it gives the arbitrator discretion as to whether to accept supplemental papers, the approval is almost never granted by some arbitrators and the provision does not guarantee a right to supplemental oral argument. Finally, plaintiffs allege that although they have a right to appeal to a master arbitrator, the master arbitrators are bound by the same unconstitutional regulations.
Defendants currently move to dismiss arguing that plaintiffs cannot prove that the challenged regulation is facially unconstitutional and that plaintiffs lack standing to bring an “as applied” due process challenge because they failed to avail themselves of the procedural remedies available to them.
Due Process Considerations:
The Due Process Clauses of the United States and New York Constitutions require that “ ‘deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case’ ” (Brancato v City of New York, 244 F Supp 2d 239, 242 [SD NY 2003], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 313 [1950]). The procedural safeguards required by due process are flexible and vary with the circumstances and type of proceeding (see, Goss v Lopez, 419 US 565, 578 [1975]; Matter of Vector E. Realty Corp. v Abrams, 89 AD2d 453, 456-457 [1st Dept 1982]).
Arbitration is intended to be a more efficient and less expensive alternative to dispute resolution than a formal court procedure (see, British Ins. Co. of Cayman v Water St. Ins. Co. Ltd., 93 F Supp 2d 506, 516 [SD NY 2000]). To achieve this goal, arbitrators are permitted to provide relief without observ *955 ing all of the rules that the court would be bound to follow (id.). While it is undisputed that arbitrators must give each of the parties to the dispute an adequate opportunity to present its evidence and argument (see, Tempo Shain Corp. v Bertek, Inc., 120 F3d 16, 19 [1997]; Hoteles Condado Beach, La Concha & Convention Ctr. v Union De Tronquistas Local 901, 763 F2d 34, 39 [1st Cir 1985]), arbitrators are not required to hear all the evidence proffered by a party (see, Tempo Shain Corp. v Bertek, Inc., supra at 20). Arbitrators are afforded broad discretion in determining whether “additional evidence is necessary or would simply prolong the proceedings” (id. at 19).
As there is no statutory requirement to the contrary, due process mandates only that plaintiffs be accorded “an opportunity ‘to be heard’ ” (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]) and to submit evidence supporting their position, and that opportunity is provided (see, Matter of Akshar v Mills, 249 AD2d 786 [3d Dept 1998]; Vector E. Realty, 89 AD2d at 455 [1st Dept 1982]; see also, Yonir Tech., Inc. v Duration Sys. [1992] Ltd., 244 F Supp 2d 195 [SD NY 2002]).
In addition, the no-fault regulations provide further safeguards through the appellate process. Claimants may appeal adverse decisions to master arbitrators and may further seek judicial review of those decisions to ensure that arbitration decisions comport with constitutional requirements of due process (see, Insurance Law § 5106 [c]; 11 NYCRR 65-4.10; see also, Matter of Unigard Mut. Ins. Co. v Hartford Ins. Group, 108 AD2d 917 [2d Dept 1985]; Country-Wide Ins. Co. v Harnett, 426 F Supp 1030 [SD NY 1977]). In fact, two recent arbitral decisions show that procedural safeguards are effective. In Matter of Schuster (Peerless Ins. Co.) (AAA Case No. 17 R 991 31701, Oct. 31, 2003) and Matter of Alpine Med. Servs. P.C. (Allstate Ins. Co.) (AAA Case No. 17 R 991 29054 03, Oct. 30, 2003), the master arbitrators vacated the arbitrator’s decisions on the ground that the arbitrators should have permitted additional evidence for review.
Facial Constitutional Challenge:
A facial challenge requires the court to examine the words of the regulation without reference to the defendant’s conduct. A plaintiff may prevail only if he or she can establish that no set of circumstances exists under which the regulation would be valid (see, People v Stuart, 100 NY2d 412 [2003]; Matter of Wood v Irving, 85 NY2d 238, 244-245 [1995]; People v Bright, 71 NY2d *956 376, 382 [1988]; see also, United States v Salerno, 481 US 739, 745 [1987]; Village of Hoffman Estates v Flipside, Hoffman Estates, Inc., 455 US 489, 495 n 5, 497 [1982] [a successful facial challenge means that the law is “ ‘invalid in toto — and therefore incapable of any valid application’ ”]; McGowan v Burstein, 71 NY2d 729, 733 [1988]).
Here, 11 NYCRR 65-4.5 (o) (1) and 65-4.2 (b) (3), taken together, authorize the arbitrator to permit supplementation of the claimant’s submissions, they can be constitutionally applied in tandem and the facial constitutional claim must be dismissed. In fact, plaintiffs admit that there are situations where arbitrators can and do permit supplemental submissions pursuant to the regulations.
As Applied Due Process Challenge:
There is no evidence in the record that plaintiffs sought review before a master arbitrator of the arbitrations in question. Thus, plaintiffs do not have the standing to assert an as applied due process challenge since they did not exhaust their administrative remedies and have shown no exception to this rule (see, Matter of Rodriguez v Coughlin, 219 AD2d 876 [4th Dept 1995]). In any event, plaintiffs do not challenge any specific application of the regulations at issue and thus have no standing to assert an as applied challenge.
Accordingly, the defendants’ motion is granted, and the complaint is dismissed.